**E–Z MART STORES, INC., Appellant,**

**v.**

**Morris TERRY, Appellee.**

**No. 9807.**

Court of Appeals of Texas,
Texarkana.

June 26, 1990.

Rehearing Denied July 24, 1990.

John Mercy, Jeffrey C. Elliott, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

E. Ben Franks, Franks & Grimes, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

E–Z Mart Stores, Inc. appeals from a judgment awarding Morris Terry damages for an injury caused by E–Z Mart's negligence. Our resolution of this appeal hinges on our disposition of issues concerning the trial court's admission of certain evidence. We conclude that the trial court improperly admitted that evidence. We reverse the trial court's judgment and remand the case for a new trial.

While working for the E–Z Mart store in Wake Village, Terry felt a sharp pain in his back when he attempted to pick up a box of magazines weighing approximately 100 pounds. He brought suit against E–Z Mart for negligence, alleging that it failed to provide him with a safe place to work, failed to provide sufficient employees to assist him in lifting heavy objects, and failed to provide the proper equipment to safely perform his duties. The jury found that E–Z Mart negligently caused Terry's injuries and fixed damages. The trial court entered judgment on the verdict.

The pivotal issues in this appeal concern the trial court's admission of certain evidence. We must review two actions of the trial court: admitting a safety expert's opinion on the negligence question absent a showing that the witness' opinion was based upon proper legal concepts, and admitting evidence of other lawsuits against E–Z Mart absent a showing that there was a similarity of the other lawsuits. We first address the opinion testimony of negligence.

■ E–Z Mart contends that the trial court erred in allowing Waymon Johnson's testimony that E–Z Mart was negligent because no proper predicate had been laid showing that Johnson knew the proper definition of negligence or that he understood the concept. Johnson's testimony was presented at trial by deposition taken pursuant to the Texas Rules of Civil Procedure. Johnson was asked, whether, in his opinion, the failure of E–Z Mart to provide safety training and basic lifting devices was negligence. During the reading of the deposition at trial, E–Z Mart objected to this question because there was no legal definition of negligence provided to Johnson, and his answer was therefore not based upon a proper legal predicate. This was a proper and timely objection. *See* Tex.R.Civ.P. 204(4). The trial court overruled this objection and allowed his opinion that E–Z Mart was negligent in failing to provide safety training and basic lifting equipment.

■ An expert may give an opinion regarding an ultimate issue such as negligence as long as the opinion is confined to the relevant issues and is based upon proper legal concepts. *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361 (Tex.1987); Tex.R.Civ.Evid. 704. In *Birchfield*, a case which passed through this Court, the testifying experts were thoroughly knowledgeable of the concepts about which they opined, such as negligence and proximate cause. Here, there was no showing that Johnson had any understanding of the legal meaning of neg-

ligence. E–Z Mart objected on the grounds that: (1) Johnson's opinion was not based upon proper legal concepts because there had been no definition of negligence explained to him, and (2) he had not shown that he knew the meaning of negligence. Before Johnson could give his opinion as to E–Z Mart's negligence, a predicate must have been laid showing that he was familiar with the proper legal definition of negligence. *See DeLeon v. Louder*, 743 S.W.2d 357 (Tex.App.–Amarillo 1987), *writ denied*, 754 S.W.2d 148 (Tex.1988) (partial definition of proximate cause did not fulfill the requirement that an opinion be based upon proper legal concept as required in *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361); *see also* 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 1401 (Texas Practice Supp.1990). Thus, the trial court erred in allowing Johnson to testify that E–Z Mart was negligent.

■ E–Z Mart also contends that the trial court erred in allowing evidence of other lawsuits. Johnson testified that he had looked at documents concerning other back injuries against E–Z Mart. Terry was using this evidence to show that E–Z Mart had prior notice of back injuries in its stores. Evidence of other accidents which occur under a reasonably similar, but not necessarily identical, circumstance is admissible. *Missouri–Kansas–Texas Railroad Co. v. May*, 600 S.W.2d 755, 756 (Tex. 1980). Terry was required to lay a predicate showing that the accidents occurred under reasonably similar circumstances. *Missouri Pacific Railroad Co. v. Cooper*, 563 S.W.2d 233, 236 (Tex.1978). Reasonably similar circumstances generally means the same type of occurrence. *See John Deere Co. v. May*, 773 S.W.2d 369, 372–73 (Tex.App.–Waco 1989, writ denied).

■ Johnson's testimony concerning his review of these documents is as follows:

I believe there was ten or eleven that related to back injuries. As best as I could tell from the description that were similar to Mr. Terry's. They may not all be that way ... so that at least suggests, you know, that they should have been put on notice and should have had knowledge of this type of accident and, you, know, a need to take some action to try to prevent the continuing occurrence.

There was no other testimony concerning any other lawsuits against E–Z Mart, and it properly objected to the testimony of Johnson concerning the extraneous lawsuits. Johnson's testimony, while disclosing that the other lawsuits involved back injuries, did not indicate how the injuries occurred. Thus, no proper predicate was laid to show that the accidents occurred under reasonably similar circumstances, and the trial court erred in allowing Johnson's testimony concerning the lawsuits.

■ Viewing these two evidentiary errors together, we conclude that they amounted to such a denial of E–Z Mart's rights as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment in this case. *See* TEX.R.APP.P. 81(b)(1). Therefore, we are required to reverse and remand this cause for a new trial. Nevertheless, two other issues raised on appeal merit our discussion.

■ E–Z Mart maintains that the trial court erred in allowing Terry to call as a witness its company representative, Chris Dudley, when he had not been identified as a person with knowledge of relevant facts in response to interrogatories answered by Terry. E–Z Mart relies upon the rule that the failure of a party to list an individual in response to a question which seeks the names of persons with knowledge of relevant facts results in the automatic exclusion of that unidentified person as a witness, and the witness may be allowed to testify only if the offering party proves that good cause exists to allow the witness' testimony. *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986); TEX.R.CIV.P. 215(5). However, a party to a suit may always examine the opposing party as a witness. TEX.R. CIV.P. 181. Dudley had been the company representative who answered and signed the interrogatories propounded to E–Z Mart, and he was the designated company representative at trial. As such, the trial

court properly treated Dudley as it would any other party.

E–Z Mart also questions the existence of evidence to support the findings. In viewing a no evidence point, we consider only the evidence tending to support the finding, view it in the light most favorable to the finding, give effect to all reasonable inferences therefrom, and disregard all contrary or conflicting evidence. *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981). Our review of the evidence, including that which we hold was improperly admitted, leads us to conclude that there was sufficient evidence that E–Z Mart's negligence proximately caused Terry's injuries. We decide these evidentiary issues in favor of Terry.

The judgment is reversed, and the cause is remanded to the trial court for a new trial.