Rick HUCKABY and Jeri Boyd, Appellants,

v.

A.G. PERRY & SON, INC., Lester Donald Lamon, and Kathleen Ann Johnson, Independent Executor/Administrator of The Estate of Donovan Paul Johnson, Appellees.

No. 06–98–00056–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 22, 1999.

Decided May 2, 2000.

Frank Supercinski, Longview, for appellant.

Philip Robert Brinson, G. Byron Sims, George R. Gibson, Brown, Sims, Wise & White, P.C., Houston, Bradley R. Echols, Boon, Shaver, Echols & Coleman, PLLC, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Rick Huckaby and Jeri Boyd, as the parents of Joshua Huckaby and as the legal representatives of his estate (the Huckabys), appeal from a take-nothing judgment in a wrongful death and survival action. They contend that Joshua Huckaby's death in an automobile accident was caused by the negligence and gross negligence of Lester Lamon and A.G. Perry & Son, Inc. The jury found no negligence. On appeal, the Huckabys contend that

(1) The trial court erred in failing to transfer venue from Gregg County to Montgomery County;

(2) Lamon's negligence and gross negligence by blocking traffic on the southbound lanes of U.S. Highway 59 with his tractor-trailer rig was, as a matter of law, a proximate cause of the accident in question;

(3) Lamon, as a matter of law and from clear and convincing evidence, intentionally, knowingly, or recklessly caused serious bodily injury and death to Joshua Huckaby by the use of the tractor-trailer rig as a deadly weapon;

(4) The jury's failure to find Lamon was negligent, grossly negligent, and intentionally caused the occurrence were against the great weight and preponderance of the evidence so as to be clearly wrong and manifestly unjust;

(5) The trial court erred in not submitting a jury question on negligence per se;

(6) The trial court erred in submitting a jury instruction on sole proximate cause when Lamon's negligence per se, negligence, and gross negligence were proximate causes of the accident in question;

(7) The trial court erred in not finding that Lamon is a vice-principal and statutory employee of A.G. Perry & Son, Inc. and that A.G. Perry & Son, Inc., therefore, is liable for Lamon's negligence and gross negligence which proximately caused the accident in question;

(8) The trial court erred in admitting testimony and exhibits of other accidents at the Patton Village south crossover and other places on U.S. 59; in admitting testimony about acts and omissions of the Texas Department of Transportation, and about highway design, for which it is immune from suit; in allowing unnecessary expert testimony to reconstruct the accident or to establish causation, and expert opinions by unqualified experts; and in not admitting all photographs of the deceased taken immediately after the accident when their bodies were still in the Toyota.

There was evidence showing the following: On November 14, 1996, at dusk, Lester Lamon, using his own tractor unit and pulling a flatbed trailer owned by A.G. Perry & Son, Inc. (Perry), was returning to Lufkin after delivering a load to Tom-

ball, Texas. Lamon used State Highway 242 to connect with U.S. 59. Lamon was aware that northbound traffic out of Houston, specifically at this point along U.S. 59 at dusk, was heavy. Lamon testified that as he descended State Highway 242 to reach its intersection with U.S. 59, he could see extremely heavy northbound traffic on U.S. 59. He intended to cross over the southbound lanes of U.S. 59 and turn left into a northbound lane of U.S. 59. Lamon looked to his left, and seeing southbound traffic far off, he pulled his tractor-trailer rig into the crossover between the divided highway. His flatbed trailer, however, protruded back into the southbound lanes, completely blocking the inside lane and part of the outside lane. He sat at the crossover for about a minute, possibly a little longer, before a Toyota automobile heading south on U.S. 59, as well as another car which is not a part of this lawsuit, came over a rise at the Peach Creek Bridge and struck the trailer. Both the driver, Donovan Johnson, and the passenger, Jason Huckaby, were killed.

The Huckabys sued Lamon, Perry, and Kathleen Johnson, independent executor/administrator of the estate of Donovan Johnson, in Gregg County, Texas, where Johnson's estate was being administered. Defendants filed a motion to transfer venue to Montgomery County, Texas, the location of the accident. The Huckabys opposed this motion, and the court in Gregg County denied it. At trial, the Huckabys asserted claims against Lamon and Perry for negligence and gross negligence, alleging negligence per se for the violation of a Texas Transportation Code regulation. Lamon and Perry defended on the ground that the intersection in question was an engineering trap due to the acts/omissions of the Texas Department of Transporta-

tion and that this was the sole proximate cause of the accident. At the close of the evidence, the court granted Kathleen Johnson's motion for an instructed verdict, which was not appealed. As to the remaining defendants, Lamon and Perry, the court submitted jury questions for negligence and assault with a deadly weapon, but refused to submit a jury instruction for negligence per se. It did, however, include a jury instruction on "sole proximate cause" as part of its general proximate cause instruction. In jury question number one, the jury found that Lamon was not negligent;[1] and, in jury question number two, it found that he did not commit assault with a deadly weapon.[2] Based on these findings, the court entered a take-nothing judgment.

■ We first address the Huckabys' challenge to venue. The Huckabys contend that the trial court erred in refusing to transfer venue from Gregg County to Montgomery County, the location of the accident. In the early stages of this case, Lamon and Perry filed a motion to transfer venue to Montgomery County, and the Huckabys filed an amended response which stated: "Defendants [sic] motion to change venue is a prohibited attempt to defeat the dominant jurisdiction of this Court." Further, the Huckabys' second amended petition stated:

## II.

All named defendants, in the style of this cause, appear by answer. Venue is proper in this Court because 1) this suit is brought in the county of a defendant natural person's residence at the time the cause(s) of action accrue herein and 2) this suit is against an independent administratrix of an estate, to establish

---

1. The jury answered "No" to jury question number one, which read as follows: "Did the negligence, if any, of Lester Donald Lamon proximately cause the occurrence in question?"

2. Jury question number two read, in pertinent part, as follows: "From clear and convincing evidence, did Lester Donald Lamon intentionally, knowingly, or recklessly cause serious bodily injury and death to Joshua Kyle Huckaby by the use of a tractor/trailer rig as a deadly weapon?"

a money demand against said estate, that is properly administered in Gregg County, Texas. And, this Court exercises the dominant jurisdiction over all actions arising from the pertinent events on November 14, 1996, because the first suit arising from said events is filed in this Court.

The San Antonio Court of Appeals recently addressed the issue of waiver of venue in the case of *In re S.D.*, 980 S.W.2d 758 (Tex.App.-San Antonio 1998, writ denied), as follows:

> The law in Texas has long been that any party to a lawsuit may expressly or impliedly waive rights conferred upon him by a venue statute. The matter of venue is a personal privilege which may be waived. An express waiver is shown by clear overt acts evidencing an intent to waive, while an implied waiver occurs when a party, often inadvertently, takes some action inconsistent with his position on the venue issue and therefore is held to have waived his rights thereon.

*Id.* at 759 (citations omitted).

Having opposed Lamon's and Perry's motions for change of venue, the Huckabys cannot now complain of the court's action overruling it. Furthermore, the Huckabys chose the venue when suit was filed and never moved to change the venue. This point of error is overruled.

■ We next address the Huckabys' legal and factual challenge to the sufficiency of the evidence on the jury's failure to find that Lamon committed negligence that caused the occurrence in question.

■ To prevail on a legal sufficiency challenge to the evidence supporting a jury's *failure to find* a particular issue, a party must show that no evidence supports the failure to find *and* that the evidence

conclusively establishes the desired finding as a matter of law.

There was testimony that it was nearly dark at the time of the accident. Lamon was aware that northbound traffic out of Houston was heavy, specifically at this point along U.S. 59 at this time of day, and as he descended State Highway 242 to reach its intersection with U.S. 59, Lamon could actually see "extremely heavy" northbound traffic on U.S. 59. Lamon's vantage point from the cab of the tractor unit was much higher than that of a car, about seventy inches (five feet, ten inches) above the ground. Department of Public Safety Trooper Vicky Edinger testified that at the intersection's stop sign, a driver "should be able to look down the north[bound] lanes [of U.S. 59] and see how heavy traffic is." With regard to southbound traffic, "He should be able to see pretty clear how much the traffic is over there too." Lamon was aware that the tractor-trailer rig he was driving was, in total, at least seventeen-to-twenty-yards long. He was also aware that if he blocked the southbound lanes on U.S. 59 with the trailer, serious bodily injury could easily result. Lamon looked to his left and saw southbound traffic only "far off."[3] He then pulled his tractor-trailer rig into the crossover, but he was unable to turn left to head north on U.S. 59 due to northbound traffic. As he sat in the crossover, his flatbed trailer protruded back into the southbound lanes, completely blocking the inside lane and part of the outside lane. He sat in the crossover for about a minute, possibly a little longer, before the Toyota automobile struck the trailer. Lamon explained that he pulled out into the crossover under these conditions because he thought he had time to make it and that

---

**3.** Note that the alleged design defect of poor visibility of southbound traffic to the left due to a rise in the Peach Creek Bridge did not come into play on these facts. Although the opportunity to misjudge southbound traffic due to this alleged defect may have been present, Lamon did apparently judge this traffic correctly because, by his own testimony, it took this southbound traffic, which was traveling at least sixty-five to seventy miles per hour, a minute and possibly a little longer to reach him as he sat in the crossover blocking the southbound lanes.

northbound traffic "was coming faster than I realized."

■ The question of misjudging the speed of other vehicles has been addressed in a number of Texas cases. Texas case law establishes that a mistake in judgment as to the speed and proximity of approaching vehicles is a question of fact for determination of the jury by application of the prudent person rule. *See Day v. McFarland,* 474 S.W.2d 946 (Tex.Civ.App.-Tyler 1971, writ ref'd n.r.e.); *Booker v. Baker,* 306 S.W.2d 767 (Tex.Civ.App.-Dallas 1957, writ ref'd n.r.e.).

Even an effort to establish a duty as negligence per se in this type of situation is conditioned on the state of facts, so as not to hold a motorist to greater wisdom or better judgment than a reasonably prudent person, similarly situated, would exercise. *Missouri–Kansas–Texas R.R. Co. v. McFerrin,* 156 Tex. 69, 291 S.W.2d 931 (1956).

We find the evidence legally sufficient to support the jury's failure to find negligence by Lamon and that there was no evidence conclusively establishing an opposite finding as a matter of law.

We have further reviewed all of the evidence presented in the case and do not find that the jury's failure to find negligence was against the great weight and preponderance of the evidence.

■ In the next point, the Huckabys contend that the trial court erred in not submitting their requested jury instruction and question on negligence per se because they pleaded and the evidence showed that Lamon's failure to yield the right-of-way was negligence per se. The Huckabys, however, failed to preserve error for appeal. Rule 278 of the Texas Rules of Civil Procedure provides that a failure to submit a jury question in substantially correct form waives the complaint. Tex.R. Civ. P.

278; *see also Knoll v. Neblett,* 966 S.W.2d 622, 633 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) (failure to submit question); *Scott v. Scruggs,* 836 S.W.2d 278, 282 (Tex.App.-Texarkana 1992, writ denied) (failure to submit a definition or instruction). The Huckabys did not tender to the trial court any proposed jury question, definition, or instruction regarding negligence per se.[4] This point of error is overruled.

■ In their seventh point of error, the Huckabys contend that the trial court erred in admitting testimony and exhibits of other accidents at the Patton Village south crossover and other places on U.S. 59. They contend that there is no specific showing that any of the other accidents involved an eighteen-wheeler blocking the right-of-way with its trailer, on a multiple lane divided freeway, during the night at rush hour, and near a metroplex. They urge that without the above-outlined predicate, the admission of other accidents cannot serve as proof of any relevant issue, citing *Missouri Pacific R.R. Co. v. Cooper,* 563 S.W.2d 233, 236 (Tex.1978) for the proposition that prior accidents are admissible if shown to have occurred "under reasonably similar but not necessarily identical circumstances." This is still the rule. *See McEwen v. Wal–Mart Stores, Inc.,* 975 S.W.2d 25, 29 (Tex.App.-San Antonio 1998, pet. denied); *E–Z Mart Stores, Inc. v. Terry,* 794 S.W.2d 63, 65 (Tex.App.-Texarkana 1990, writ denied).

■ Reasonably similar circumstances generally means the same type of occurrence. *Id.* The burden is on the party seeking to have the evidence admitted to lay the proper predicate showing the similarity of the accidents. *Id.* At trial, Trooper Jeff Shipley testified that there had been ten to twenty similar accidents, but never explained how they were similar.

---

**4.** Although the Huckabys' brief suggests on page fifteen that a requested jury instruction was tendered on the negligence per se issue, we have found no requested issues on negli-

gence per se. Examples of such instructions and issues are found in Volume 1, Section 5 of the Texas Pattern Jury Charges.

The only accident discussed in detail was a fatal accident that occurred two days before the accident that is the basis of this case. That accident involved a heavily-loaded dump truck that was short enough to sit safely between the northbound and southbound lanes of traffic. However, the driver entered the northbound lane when he did not have time to gain enough speed to avoid the oncoming traffic. In the present case, this accident occurred because the truck was too long to stop between the northbound and southbound lanes of traffic without the rear portion of the trailer blocking a portion of the southbound lanes; the blocking of the southbound lanes caused the accident.

■ Before the evidence of previous accidents at this intersection could be admitted into evidence, the proponent would have had to show a predicate of similar or reasonably similar conditions, a connection of the conditions in some special way, or that the incidents occurred by means of the same instrumentality. *McEwen*, 975 S.W.2d at 29 (citing *Klorer v. Block*, 717 S.W.2d 754, 760 (Tex.App.-San Antonio 1986, writ ref'd n.r.e.)); *Dallas Ry. & Terminal Co. v. Farnsworth*, 148 Tex. 584, 227 S.W.2d 1017 (1950). Counsel objected to the introduction of the other accidents and asked for a running objection, stating the following:

> MR. SUPERCINSKI: ... Judge, may we have a running objection? Without the proper predicate of an accident of the same instrumentality, under the same conditions, and under the same circumstances, *this officer* referring to numerous accidents up and down Highway 59 is not admissible.
>
> . . . .
>
> THE COURT: Overruled. Giving you a running objection.

(Emphasis added.)

This running objection was also mentioned by counsel at other points during the testimony.

■ Conclusory statements by the Trooper Shipley will not suffice to meet this burden. Opinions that are stated in conclusory terms by witnesses do not give the court an opportunity to evaluate whether the prior accidents were similar in causation to the extent that they should be considered relevant in the case on trial. The judge as the gatekeeper should decide if the evidence bears sufficient similarity to reach the jury. Several of the previous accidents involved fatalities, but that alone does not show that the circumstances or the conditions were similar. While the rule does not require that the accidents be identical, at least some similarities of conditions or circumstances must be alleged before the evidence is admissible. The defense did not lay a proper predicate for the admission of the multiple accidents at this location. These accidents were not limited to the site in question, but occurred at other locations on the highway, including the location referred to as Wood Branch.

■ The Court cannot determine if proper similarities exist when a witness concludes that the occurrences were similar without providing the basis for the conclusion. The witness's opinion that the occurrences were similar must be based upon the legal requirements for similarity. In the present case, the questions were not propounded to the witness that would show that the witness was aware of such legal requirements. Without a showing of similar or reasonably similar conditions, special conditions between the present act and prior acts and that the acts occurred by the means of that same instrumentality, the evidence is not relevant, not material, and is prejudicial. *Southwestern Bell Tel. Co. v. Vollmer*, 805 S.W.2d 825 (Tex.App.-Corpus Christi 1991, writ denied). We find that it was an abuse of discretion to allow evidence of other occurrences to be admitted during trial without a proper predicate.

■ The testimony of Charles Gaskin differed somewhat from the testimony of

Shipley. Gaskin was an employee of the Texas Department of Transportation who testified about the design of the roadway. Gaskin was testifying as to the documents and factors that the Texas Department of Transportation examined in determining if changes needed to be made to the roadway. Gaskin testified about the number of accidents at the intersection, but made no claim as to similarity of conditions or circumstances. He testified that he merely looks at the total number of accidents that occur at the intersection and determines if a change needs to be made. While Shipley attempted to link the other occurrences to Lamon's situation by testifying that they were similar, Gaskin did not. However, there was no relevance that changes in the highway or prior accidents would have to the occurrence in this case. Therefore, the testimony by Gaskin should have been limited to relevant accidents that happened at that intersection.

The defense's trial strategies included both a design defect in the road and unavoidable accident attributable to the design defect of the road.

■ Perry and Lamon contend that any error in the admission of these accidents was waived because Trooper Edinger testified there were many accidents at the crossing and that they were exactly like or very similar to the one in this suit. They contend there was no objection to this testimony. They further state that an objection to evidence is waived by permitting other witnesses to testify without objection to the same evidence to which the complaint is made. *City of Houston v. Riggins,* 568 S.W.2d 188, 190 (Tex.Civ. App.-Tyler 1978, writ ref'd n.r.e.). They further cite *Sosa v. Koshy,* 961 S.W.2d 420, 428 (Tex.App.-Houston [1st Dist.] 1997, writ denied), for the proposition that the admission of such evidence is harmless where the objecting party subsequently permits the same or similar evidence to be introduced without objection. The appellees further cite *Wolfe v. Wolfe,* 918 S.W.2d 533, 538 (Tex.App.-El Paso 1996,

writ denied), for the proposition that if other competent evidence of the fact in question appears in the record, the improper admission of the evidence will not constitute error.

■ The Huckabys' attorney sought a running objection during the testimony of Shipley, but his running objection, which was granted by the court, was limited to the testimony of Shipley. He later during Shipley's testimony asked the court, "Judge, may we have a running objection to any—*this officer* testifying about any problems with the design of the road. . . ." (Emphasis added.) Again, the objection is limited to this officer, referring to Shipley. No objection to the testimony about the prior accidents appeared in the testimony of Edinger. Counsel did not seek a running objection for the trial. A running objection is required to be specific and unambiguous. *Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 242–43 (Tex.App.-Corpus Christi 1994, writ denied). A properly framed running objection can extend to testimony by all witnesses pertaining to the same type of evidence, but such did not exist in this case. We find that the running objection made during the trial was not adequate to apply to other witnesses and the pretrial motion must then amount to a motion in limine.

■ We recognize that motions in limine do not preserve error; however, a distinction is drawn between a motion in limine and a pretrial ruling on admissibility. *Owens–Corning Fiberglas Corp. v. Malone,* 916 S.W.2d 551, 557 (Tex.App.-Houston [1st Dist.] 1996), *aff'd,* 972 S.W.2d 35 (1998). The Huckabys filed a motion in limine on other matters, but specifically filed another motion that was entitled "Plaintiffs' Objections, and Motion, to Exclude Evidence." All pretrial motions are not motions in limine. For example, in criminal cases, we have motions to suppress. The other motion in the present case specified a request to exclude inadmissible prior and subsequent accidents on

the basis of their lack of similarity. The relief requested in the title of the motion did not indicate that this was a motion in limine. There was nothing in the motion to make it a motion in limine unless a pretrial motion to exclude evidence is deemed as a matter of law to be a motion in limine. The trial court has authority to make a pretrial ruling on the admissibility of evidence. *Reveal v. West,* 764 S.W.2d 8, 10 (Tex.App.-Houston [1st Dist.] 1988, no writ).

■ On rehearing, the appellees have urged that the pretrial Motion to Exclude Evidence covered only the documentary evidence brought forth on discovery about prior accidents. Having examined the language of the motion, however, we conclude that the motion was not so narrowly drawn.

The motion states that, "[d]uring discovery in this case defendants' counsel have obtained, and they intend to introduce inadmissible and inapplicable evidence in this case." However, the motion is not limited to the written documents. After outlining what the discovery and affidavits of record show concerning "numerous prior and subsequent accidents at the involved intersection/crossover and other intersections and crossovers at and on U.S. Highway 59," the motion goes on to state that these accidents did not happen under same or similar circumstances and explains why. The motion further states, "[s]ince defendants cannot show the same instrumentalities, or similar circumstances or conditions, evidence of other prior or subsequent accidents at the involved intersection/crossover is not admissible."

This motion is not limited to the documents, and it would be contradictory to exclude the written accident reports and then allow a witness to testify on the information in those reports, if that information had been excluded on the same basis shown by the testimony. Nevertheless, the court could have limited this ruling to only the reports, but the order denying the motion to exclude evidence denied it in its entirety. Because the Motion to Exclude Evidence sought to cover evidence in general of the other inadmissible prior or subsequent accidents, it covered testimony as well as the written documents.

It is true that this was a pretrial motion, and therefore came before Trooper Edinger's testimony. This does not mean that these witnesses can circumvent the ruling by offering in testimony what could not be offered by the written documents.

In the present case, evidence of the accidents that had occurred at the intersection in question were placed before the court, and the court overruled the objections to its admissibility. The court did not use motion-in-limine language in requiring the party to approach the bench before introducing such evidence, but instead denied the motion to exclude evidence involving the prior accidents.

■ The appellees urge on rehearing that an objection made in the form of a pretrial motion could not carry over to the trial because of the language in Rule 103(a)(1) which states, "When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections." Tex.R. Evid. 103(a)(1).

The appellees argue in the present case that this rule would not apply because the evidence in question was not "offered evidence." We do not read this rule to prevent a trial court from conducting a pretrial hearing or a hearing outside the presence of the jury on evidence that is contemplated to be offered.

The appellees point to the case of *Clark v. Trailways, Inc.,* 774 S.W.2d 644 (Tex. 1989). In that case, the Supreme Court held that even though Trailways had filed a pretrial motion for sanctions that included an objection to an undisclosed witness testifying, the objection was waived be-

cause there was not a timely objection when the witness actually testified. The Supreme Court explained that requiring another objection at the time of the trial gave the trial court an opportunity to review any previous finding of good cause, while providing litigants and the courts alike with the uniform and consistent rule regarding the preservation of error under Rule 215(5). TEX.R. CIV. P. 215(5). Rule 215(5) dealt with discovery abuse. The present case does not deal with discovery abuse, but with a ruling on admission of substantive evidence.

In the present case, pretrial objections were in writing and the pretrial ruling was in writing. Rule 166 of the Rules of Civil Procedure provides that a trial court may hold a pretrial conference to consider written trial objections to exhibits or such other matters as may aid in the disposition of the matter. TEX.R. CIV. P. 166(m), (p). In such a pretrial hearing, the court can make an order that recites the action taken and the order shall control the subsequent course of the case unless modified at trial to prevent a manifest injustice. This rule would suggest the appropriateness of pretrial rulings and does not suggest that it is necessary to go through the same procedure during the course of the trial. This rule is designed to "assist in the disposition of the case without undue expense or burden to the parties." TEX.R. CIV. P. 166.

In the case of *Owens–Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551 (Tex. App.-Houston [1st Dist.] 1996), the trial court made two stacks of exhibits. One the trial court declared to be admissible and the other not admissible. The trial court then told the lawyers, "I'll make it very clear. No lawyer is allowed to repeat their [sic] objections. The court has preruled on everything but authentication." The court of appeals in that case found that what was filed was a list of objections

to the plaintiffs' exhibits, and this motion was not a motion in limine. The appellate court further found that the trial court had authority to make a pretrial ruling on the admissibility of non-expert evidence and that the pretrial evidentiary objections were sufficient to preserve error. Thus, the appellate court in *Owens* gave the trial court some flexibility on whether the trial court felt a need for further objections at the time of the trial.

In the *Trailways* case, the Supreme Court found that a renewed objection at the time of trial provides the trial court with a final opportunity to prevent the erroneous admission of testimony or evidence.[5] The question that arises in the present case is whether the broad basis for the Supreme Court ruling in *Trailways* applies to all pretrial matters.

During the ten years since the Supreme Court's ruling in *Trailways*, there has been considerable development in the law concerning the pretrial hearing often referred to as a gatekeeper hearing. In effect, the trial court in the present case conducted a gatekeeper-type hearing. We recognize that there is a question about whether the ruling in a gatekeeper hearing is to be considered a motion in limine or a ruling excluding evidence, and we urge the Texas Supreme Court to address this issue. *See* MICHOL O'CONNOR, O'CONNOR'S TEXAS RULES: CIVIL TRIALS 268 (1999), ("It is uncertain whether the pretrial ruling on a gatekeeper motion is considered a ruling on a motion in limine or a ruling excluding evidence.").

We also recognize that in a Fifth Circuit case, *Tanner v. Westbrook*, 174 F.3d 542, 545 (5th Cir.1999), the federal court treated a denial of a pretrial motion to strike as being tantamount to the denial of the motion in limine; however, the trial court in *Tanner* specifically provided in its order that it will "pass on the qualifications of

---

**5.** This might be referred to as the Regis Philbin rule inquiring of the court, "Is this your final answer?"

the said witnesses at trial." *Id.* Thus, there was no pretrial ruling. Texas case law suggests that it may be sufficient to object to expert evidence before trial, as occurred in *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 713 (Tex.1997). In the case of *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 409 (Tex.1998), the court used the disjunctive "or" in five different instances to suggest that expert evidence can be objected to before trial *or* when the evidence is offered. *See* Harvey Brown, *Procedural Issues Under Daubert,* 36 Hous. L.Rev. 1133, at 1163, n. 194 (1999).

In the present case, both witnesses who were asked about other similar accidents were further asked to reach a conclusion as to the dangerous nature of this intersection based in part on these other accidents. Thus, a pretrial hearing to exclude such evidence from the jury when it was not similar and therefore not relevant would be appropriate as a gatekeeper function.

We conclude that the trial court's ruling on the pretrial motion negates the argument by the appellees that error was not preserved because of a failure to object to Gaskin's and Edinger's testimony.

■■■■ Finding error does not end our inquiry. Evidentiary rulings do not justify reversal unless the whole case turns on the evidence improperly admitted or excluded. *McEwen,* 975 S.W.2d at 27; *Cook v. Sabio Oil & Gas, Inc.,* 972 S.W.2d 106, 111 (Tex. App.-Waco 1998, pet. denied). Errors in admitting evidence will not require reversal unless that evidence controlled the judgment. *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989).

The defense in this case relied heavily on showing that Lamon had not been negligent and did not proximately cause the accident because of the dangerous road situation. Yet the testimony introduced by Trooper Shipley claiming that there were ten to twenty similar accidents does not in any way show that the same highway conditions that caused Lamon's acts also caused the other accidents. The question that essentially ended the jury's inquiry in this case was question one, which asked the jury: "Did the negligence, if any, of Lester Donald Lamon proximately cause the occurrence in question?" The jury answered, "No."

The defense's evidence was calculated to fully convince the jury that the road conditions were the proximate cause of this occurrence, and the jury found that Lamon's negligence did not proximately cause the occurrence.

It is difficult to determine from the evidence what specific state of road condition Lamon claims was the cause of the occurrence. There was heavy traffic, as in many metropolitan areas of Texas. There was no acceleration lane or access ramp onto the northbound highway, which is a road condition that exists at many intersections in Texas. It was pointed out that there were no warning signs informing drivers that the median was not wide enough for some trucks to stop safely or that there was no acceleration or access ramp. There were no signs or flashing lights warning drivers of U.S. 59 that there was a crossing. The evidence showed that there was not much lighting at the intersection, and that a later intersection built by the highway department rerouting the traffic had better lighting and flashing light warnings for oncoming motorists.

■■■■ However, the evidence in this case does not show that any of these factors, except the busy highway, was the cause of the occurrence in this case, nor were these factors shown to be the cause of the other accidents. Similarity cannot be based on a generalized statement that this was a dangerous stretch of highway. The proponent must establish with more specificity that the prior accidents occurred in a similar manner and could be attributed to a similar causation.

We find the error was harmful, and this point of error is sustained.

In their eighth point of error, the Huckabys contend that the trial court erred in admitting testimony about acts and omissions of the Texas Department of Transportation, and about highway design, for which the Department is immune from suit. They argue that the defendants simply want to put the crossover itself on trial, as well as the dense traffic thereon. They contend that what the department did or did not do is irrelevant and inadmissible because the State is immune from suit and, therefore, is a nonresponsible third party. The Huckabys then cite to the contribution and comparative responsibility statutes in TEX. CIV. PRAC. & REM.CODE ANN. §§ 33.003, 33.011(4), (6)(A)(iii), (6)(B)(i) (Vernon 1997) for the proposition that the State would have to be a responsible third party, i.e., negligent, for evidence of its actions to be admissible. However, the act of a third party that is determined to be the sole proximate cause of a collision is a complete defense to a negligence suit regardless of whether such third party was negligent. *See Rodriguez v. Moerbe,* 963 S.W.2d 808, 820–21 (Tex.App.-San Antonio 1998, pet. denied) (holding that even a nonnegligent act may be an independent intervening act that breaks the causal connection between the original negligence and the injury); *see also Gulf, C. & S.F. Ry. Co. v. Jones,* 221 S.W.2d 1010, 1014 (Tex.Civ.App.-Eastland 1949, writ ref'd n.r.e.). The Huckabys also argue that the trial court reversibly erred by admitting evidence of subsequent remedial measures by the State following the accident in question. However, in *Dudley v. Texas State Dep't of Highways & Pub. Transp.,* 716 S.W.2d 628, 630 (Tex.App.-Corpus Christi 1986, no writ), the State itself was a defendant, and the subsequent remedial measures were offered against it to establish its negligence or culpable conduct. The court in that case held that this offer directly violated TEX.R. EVID. 407(a). Rule 407(a) reads in relevant part:

(a) Subsequent Remedial Measures. When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent remedial measures is not admissible *to prove negligence or culpable conduct* in connection with the event. . . .

TEX.R. EVID. 407(a). (Emphasis added.)

In the instant case, however, the subsequent remedial measures were not offered to prove negligence or culpable conduct of the Texas Department of Transportation, because it is not a defendant. The purpose of the rule is to exclude evidence of a party's subsequent remedial measures so as not to discourage them from taking such safety measures. *See E.V.R. II Assocs., Ltd. v. Brundige,* 813 S.W.2d 552, 556 (Tex.App.-Dallas 1991, no writ). Because the Department is not a defendant, the purpose of the rule was not implicated and this evidence was admissible. *See also Beavers v. Northrop Worldwide Aircraft Servs., Inc.,* 821 S.W.2d 669, 676–77 (Tex.App.-Amarillo 1991, writ denied) (holding that evidence of subsequent remedial measures taken by the Army following a helicopter crash was admissible in wrongful death action against a company which performed maintenance on the helicopter, in which the Army was not a party to the suit and the evidence suggested that it was the actions of the Army and not those of the maintenance company which were responsible for the crash). However, as mentioned earlier, we do not conclude that testimony about these matters was admissible if it was not relevant to the occurrence in question. We overrule this point of error.

In their ninth point of error, the Huckabys contend that the trial court erred in allowing unnecessary expert testimony to reconstruct the accident or to establish causation and in allowing expert opinions by unqualified experts. First they argue that the trial court erred in allowing expert testimony from Trooper Shipley that was not necessary to reconstruct the subject accident or to establish causation. They argue that the opinions of

an expert witness are not necessary in this case because the jury has the same information without the witness and that it was tendered simply to mislead and confuse the jury.

 The admission or exclusion of evidence is a matter within the trial court's sound discretion. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995). To obtain reversal of a judgment based on error in the admission or exclusion of evidence, the appellant must show that the trial court did commit error and that this error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1); *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex.1992); *see also Texas Dep't of Transp. v. Able*, 981 S.W.2d 765, 770 (Tex.App.-Houston [1st Dist.] 1998, pet. granted). The court must review the entire record in making this determination. *McCraw*, 828 S.W.2d at 758.

In the instant case, the Huckabys themselves stipulated that Trooper Shipley's expertise in accident reconstruction established his qualifications as just such an expert and even elicited testimony from him. Because the Huckabys permitted his testimony about the very matter of accident reconstruction about which they now complain on appeal, they have waived any alleged error. *See Atlantic Richfield Co. v. Misty Prods., Inc.*, 820 S.W.2d 414, 420 (Tex.App.-Houston [14th Dist.] 1991, writ denied); *Blount v. Bordens, Inc.*, 892 S.W.2d 932, 944 n. 7 (Tex.App.-Houston [1st Dist.] 1994), *rev'd on other grounds*, 910 S.W.2d 931 (Tex.1995) (holding that a party waives any complaint if testimony to the same effect has been previously admitted without objection).

 The Huckabys next argue that Trooper Shipley was never qualified as an expert in highway design. The Texas Supreme Court recently addressed the subject of expert testimony in *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713 (Tex.1998):

Rule 702 of the Texas Rules of Evidence permits a witness qualified as an expert by knowledge, skill, experience, training, or education to testify on scientific, technical, or other specialized subjects if the testimony would assist the trier of fact in understanding the evidence or determining a fact issue. Whether an expert is qualified is, under Rule 104(a), a preliminary question to be decided by the trial court. "[T]he party offering the expert's testimony bears the burden to prove that the witness is qualified under [Rule] 702." The offering party must demonstrate that the witness " 'possess[es] special knowledge as to the very matter on which he proposes to give an opinion.' " A trial court's acceptance of a witness's qualifications as an expert is reviewable for an abuse of discretion.

*Id.* at 718–19 (footnotes omitted).

As to Trooper Shipley's qualifications to testify as an expert about highway design, the evidence showed that he had assisted in the investigation of over 3,800 accidents and had personally signed and approved almost 1,300 accident reports over sixteen years. Part of his job responsibilities included perceiving and reporting flaws in highway design. Given Shipley's practical experience with and knowledge of highway design, we conclude that the trial court did not abuse its discretion in allowing Shipley to testify as an expert on this subject. This testimony assisted the trier of fact in determining a fact issue, i.e., the proximate cause of the accident. This point of error is overruled.

 In their tenth point of error, the Huckabys contend that the trial court erred in not admitting all photographs of the deceased taken immediately after the accident when their bodies were still in the Toyota. They argue that plaintiffs' exhibit seventy-seven, a group of about sixteen photographs, is relevant to show Joshua Huckaby's mental anguish as he realized his approaching death, the severe injuries suffered by Joshua due to the trailer, the

fact that he was slaughtered, and the issues of malice and criminal responsibility. The trial court did admit one of these photographs. The general rule is that pictures or photographs that are relevant to any issue in the case are admissible. *Fibreboard Corp. v. Pool,* 813 S.W.2d 658, 671 (Tex.App.-Texarkana 1991, writ denied). Rule 401 of the Texas Rules of Evidence defines "relevant evidence" as follows:

> [E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

TEX.R. EVID. 401. However, Rule 401 is qualified by Rule 403 which states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

TEX.R. EVID. 403.

Relevant evidence will not be excluded simply on the ground that it would create prejudice if permitted. *Fibreboard,* 813 S.W.2d at 671. The fact that photographs are gruesome does not render them inadmissible. *Id.* Where relevant, however, the rejection or admission of photographs is a matter which rests largely within the discretion of the trial court, whose decision will not be disturbed on appeal absent the showing of abuse of discretion. *Id.*

Assuming all of the photographs were relevant for the purposes stated by the Huckabys, the trial court did not abuse its discretion in allowing them to enter only one of these sixteen photographs and disallowing the remainder. In handling the matter as it did, the court allowed the Huckabys to make their point without running the risk of presenting too many photographs and thereby substantially outweighing the probative value of the photographs by their potential for unfair prejudice, i.e., to inflame the jury. As well, curtailing the presentation of sixteen photographs can be seen as preventing the needless presentation of cumulative evidence. The Huckabys have not shown that the other photographs would prove any element not shown by the photograph admitted into evidence. This point of error is overruled.

We do not reach other points urged by the Huckabys because their determination is not necessary to our decision in the case.

Because of our determination in point seven in determining that improperly admitted evidence resulted in an improper verdict, this case is reversed and remanded to the trial court for a new trial.