In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00176-CR
______________________________


LESSEL MEREDITH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 32788-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Lessel Meredith appeals his conviction for delivery of cocaine in an amount greater than one
gram but less than four grams. See Tex. Health & Safety Code Ann. § 481.112(a), (c) (Vernon
2003). The issues Meredith raises in this appeal are identical to those he presents in a companion
case. Since the arguments presented are identical in each appeal, for the reasons stated in Meredith
v. State, cause number 06-05-00175-CR, we reform the trial court's judgment to reflect Meredith did
not plead "true" to the State's punishment enhancement allegations, and we otherwise affirm the trial
court's judgment in this case.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 31, 2006
Date Decided:             April 4, 2006

Do Not Publish


 



n v. State, 504 S.W.2d 855, 857 (Tex. Crim. App. 1974); Jones
v. State, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992); Dean v. State, 749 S.W.2d 80, 83
(Tex. Crim. App. 1988). 

 Shaw properly objected to the line of questioning regarding the church burglary and
obtained a running objection, preserving any error for appellate review. However, after
obtaining the running objection, Shaw took an inconsistent stance by stating he had "no
objection" to the admission of the photograph depicting the broken window of the church. 
By not qualifying his "no objection" in any way, Shaw has failed to preserve any complaint
for appeal regarding the evidence of the church burglary.

 Even if Shaw did not waive his running objection at that time, he later waived it by
failing to object to the same facts when introduced by the testimony of Othell LaFerney, 
pastor of Glenwood Baptist Church. LaFerney testified regarding the break-in at the
church and testified that a radio belonging to one of the Sunday School teachers was
stolen. Although covered by the subject matter of the running objection, Shaw did not
object to this testimony. This testimony occurred on a different day at trial and was
introduced following the testimony of thirteen intervening witnesses. 

 We recognize that a properly framed running objection can extend to testimony by
all witnesses pertaining to the same type of evidence, but such did not exist in this case. 
See Ford v. State, 919 S.W.2d 107, 113 (Tex. Crim. App. 1996); Huckaby v. A.G. Perry
& Son, Inc., 20 S.W.3d 194, 203 (Tex. App.-Texarkana 2000, pet. denied); Scaggs v.
State, 18 S.W.3d 277, 292-93 (Tex. App.-Austin 2000, pet. ref'd). Shaw did not request
the running objection. Rather, the trial court granted the running objection sua sponte "on
this line of questioning." Such running objection was not adequate to apply to all
witnesses. By failing to object when the same evidence was offered again, Shaw waived
any complaint as to the trial court's ruling. Fuentes, 991 S.W.2d at 273; Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Shaw has failed to preserve this complaint
for appeal.

 Shaw also complains about the testimony concerning his drug use. He first
complains about the testimony of an investigating officer, Roxanne Bedwell, describing
how Shaw used a beer can as a "pipe." The context of this testimony is as follows:

 Q. . . . Was there some information that you had received from
one of the jailers regarding the defendant.

 

 A. Yes.

 

 Q. As a result of receiving that information, what action did you
take?

 

 A. I spoke with the defendant in the jail and he agreed to go with
myself and Chief Deputy Jordan to two different locations that he felt may
help us in our investigation.

 

 Q. Okay. And what, if anything, did you receive from those
locations?

 

 A. I found a beer can that had been made into a pipe to smoke
marijuana . . . .

 

 . . . .

 

 Q. All right. And you indicated that you picked up a beer can; is
that correct?

 

 A. That is correct.

 

 Q. . . . [Y]ou said something about it being made into a pipe; is
that correct?

 

 A. That is correct.

 

 Q. And did that match what the defendant told you as well?

 

 A. Yes, it did.

 

 Q. Did he indicate he had used that particular item?

 

 A. Yes, he did.

 

 Q. And if you could, explain to the jury how it was made into a
pipe, if you can.


 A. It had holes punctured on the top where you would lay the
substance that you wanted to smoke and light it while you breath [sic] in
through the hole that you drink out of.


 Q. In the conversation that you had had with the defendant did he
make any indication to you that he had utilized drugs during the period of
time from March the 9th through March the 12th?


 A. Yes, he did.


 [Defense Counsel]: Your Honor, I object to that, not relevant
to the cause at bar and just too general a question.


 THE COURT: I'm going to overrule the objection.


 Q. [By Prosecuting Attorney]: What kind of drugs did he indicate
that he had used?


 A. He indicated to me that he had used alcohol, marijuana dipped
in formaldehyde, and crack cocaine.


 The specific question to which Shaw objected concerned whether Shaw told Bedwell
he used drugs between March 9 and March 12. There was no objection to the testimony
regarding the beer can that was used as a "pipe." By failing to object to the officer's
testimony regarding the "pipe," Shaw waived his right to complain on appeal about the
admission of this evidence. Tex. R. App. P. 33.1; Mathis, 67 S.W.3d at 926-27; Ladd, 3
S.W.3d at 569. 

 Shaw further contends the trial court erred in admitting the testimony of Bedwell
quoted above concerning what kind of drugs he used. Shaw argues that this evidence was
irrelevant to the crime for which he was charged and that his use of drugs was not
connected to the commission of the crime. 

 Even assuming the last objection Shaw made before this testimony was given
preserved the alleged error in the admission of this testimony, the State adduced this same
evidence without further objection during its cross-examination of Bedwell, after Shaw
called her as a witness. In order to preserve error, the objecting party must object each
time the objectionable evidence is offered. Fuentes, 991 S.W.2d at 273; Ethington, 819
S.W.2d at 858. By failing to object when the same evidence was offered again, Shaw
waived any complaint. Fuentes, 991 S.W.2d at 273; Ethington, 819 S.W.2d at 858. 


 We affirm the judgment.



 Donald R. Ross

 Justice


 

Date Submitted: May 16, 2002

Date Decided: June 12, 2002


Do Not Publish