**Affirmed and Memorandum Opinion filed November 24, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00556-CV

---

### YVONNE VILLALON, Appellant

### V.

### MARIA S. GALINDO, Appellee

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-39836**

---

## M E M O R A N D U M   O P I N I O N

The issues in this appeal stem from a negligence claim against a homeowner in a slip-and-fall suit. On appeal, we analyze the legal sufficiency of the evidence supporting the trial court's take-nothing judgment following a bench trial and address the plaintiff's claims that the trial court erred in not making findings of fact and conclusions of law and in denying the plaintiff's motion for a new trial. We affirm.

# I.      FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Yvonne Villalon was leasing a house owned by appellee/defendant Maria Galindo. Villalon slipped and fell down the stairs that led to the front door of the home, sustaining injuries. Villalon filed suit against Galindo asserting a negligence claim based on premises liability. Villalon also pleaded a separate general-negligence claim.

At a bench trial, Villalon testified that the stairs were dangerous and that before her fall she had informed Galindo's husband that the stairs were unsafe. Villalon stated that her boyfriend, who was living with her in the leased house, offered to help pay to fix the stairs. According to Villalon, Galindo's husband agreed to make the repair, but he did not do so before Villalon's fall. Villalon provided evidence that she incurred medical bills as a result of injuries she sustained in the fall. Villalon testified that she experienced severe pain and believed that she would always have back pain as a result of the fall. Galindo testified that the stairs were not unreasonably dangerous and that, in any event, she did not have notice that the stairs were unreasonably dangerous.

The trial court signed a final judgment that Villalon take nothing on her claims against Galindo. Villalon now challenges the judgment on appeal.

# II.      ANALYSIS

## A. Sufficiency of the Evidence

In her first issue, Villalon asserts that the trial court reversibly erred in ruling against her premises-liability claim. Under this issue, Villalon states several times that there was more than a scintilla of evidence supporting her claim. This argument, if true, might show that the trial court erred in granting summary judgment, but the trial court did not grant summary judgment. *See Sampson v.*

*Ayala*, No. 14-08-01002-CV, 2010 WL 1438932, at *5 (Tex. App.—Houston [14th Dist.] Apr. 13, 2010, no pet.) (referring to party's right to have fact finder determine material fact issues) (mem. op.). In the context of a take-nothing judgment from the trial court following a bench trial at which the trial court was the fact finder, the existence of more than a scintilla of evidence supporting Villalon's claim does not show any reversible error. *See Merckling v. Curtis*, 911 S.W.2d 759, 766–67 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

Under her first issue, Villalon also asserts that the only evidence before the trial court regarding her claim was the evidence she submitted in support of the claim.[1] Villalon also states that her evidence was "unrefuted." We liberally construe Villalon's brief to include an argument that the trial evidence is legally insufficient to support the trial court's failure to find in Villalon's favor as to her negligence claim based on premises liability.

In an appeal from a judgment rendered after a nonjury trial, we review the trial court's findings using the same standards of review applicable to a jury's verdict. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663 n.3

---

[1] To the extent Villalon's appellate brief could be liberally construed to include an argument that the trial court erred in allowing Galindo to testify at trial because Galindo did not timely respond to Villalon's discovery requests, Villalon failed to preserve error in the trial court as to this complaint. Before trial, Villalon raised the issue of Galindo's failure to respond to discovery. The trial court confirmed that Galindo intended to present only her own testimony. Villalon stated she had no objection to Galindo testifying since she is the named opposing party. At times, Villalon objected to specific questions and the trial court "carried the objection" with the examination. The record does not contain a ruling on any of these objections. As a prerequisite to presenting a complaint for appellate review, a party generally must have timely and sufficiently presented its complaint to the trial court and the trial court must have ruled on the complaint, either expressly or implicitly, or refused to rule on the complaint and the complaining party objected to the refusal. *See* Tex. R. App. P. 33.1(a); *Gonzales v. Houston Indep. School Dist.*, No. 14-14-00206-CV, 2015 WL 3424601, at *2 (Tex. App.—Houston [14th Dist.] May 28, 2015, no pet.) (mem. op.). To the extent Villalon is arguing that evidence presented by Galindo should have been excluded, Villalon failed to preserve error in the trial court either by failing to voice a complaint or by failing to obtain an adverse ruling from the trial court. *See Dolcefino v. Randoph*, 19 S.W.3d 906, 925–26 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

(Tex. 2009).

When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex.2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to make the findings at issue. *See id.* The factfinder is the sole judge of witness credibility and the weight to give to testimony. *See id.* at 819.

To prevail on a negligence claim based on a premises-liability theory in which Villalon is an invitee, Villalon had the burden of proving, among other things, a condition on the premises that created an unreasonable risk of harm. *See Scott and White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412–13 (Tex. 2010). Villalon testified that there was a hole in the porch and that the stairs were uneven, angled downward, and slippery due to a glossy paint. The trial court admitted into evidence exhibits tendered by Villalon that contained pictures of the stairs. According to Villalon, she informed Galindo's husband that the stairs were unsafe, and Villalon's boyfriend told Galindo's husband that he would be willing to help Galindo pay to fix the stairs. Villalon explained that Galindo's husband said he would fix the stairs, but he never did. Villalon testified that she slipped on the stairs on a day when it was drizzling outside. The evidence submitted by Villalon would support a finding that the stairs were a condition on the premises that created an unreasonable risk of harm. *See id*.

Though Villalon suggests in various parts of her brief that her evidence regarding the condition of the stairs was uncontroverted, the record reflects that

4

Galindo testified at trial regarding the condition of the stairs. Galindo testified that the stairs were not unsafe, that they were not "sloping," and that they were "rough" rather than glossy. According to Galindo, she had been renting out this property since 1989 and had not had any prior complaints from tenants about the safety of the stairs. The evidence submitted by Galindo would support a finding that the stairs did not create an unreasonable risk of harm. *See id*.

The trial court, as fact finder, is the sole judge of witness credibility and the weight to give to testimony. *See City of Keller*, 168 S.W.3d at 819. The trial court could discredit Villalon's evidence and credit Galindo's testimony. *See id*. The pictures of the stairs and Galindo's testimony would enable reasonable and fair-minded people to determine that the preponderance of the evidence does not support a finding that a condition on the premises created an unreasonable risk of harm. *See id*. at 823, 827. Considering the evidence in the light most favorable to the challenged finding, indulging every reasonable inference that would support it, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not, the trial evidence would enable reasonable and fair-minded people to determine that the preponderance of the evidence does not support a finding that a condition on the premises created an unreasonable risk of harm. *See id*. Therefore, the evidence is legally sufficient to support the trial court's failure to find that that a condition on the premises created an unreasonable risk of harm. *See id*.; *White Oak Operating Co., LLC v. BLR Const. Companies, LLC*, 362 S.W.3d 725, 737–38 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding evidence was legally sufficient to support factfinder's failure to find fraud); *Huckaby v. A.G. Perry & Son, Inc.*, 20 S.W.3d 194, 200–01 (Tex. App.—Texarkana 2000, pet. denied) (concluding evidence was legally sufficient to support factfinder's failure to find that defendant was

negligent); *Merckling*, 911 S.W.2d at 766–67 (concluding evidence was legally sufficient to support factfinder's failure to find that defendant was negligent).

Having concluded that all of the arguments under Villalon's first issue are incorrect, we overrule that issue.

## B. Purported General-Negligence Claim

In her second issue, Villalon asserts that the trial court reversibly erred by impliedly ruling against her alleged general-negligence claim, which Villalon asserts is independent of her negligence claim based on a premises-liability theory. In her live petition, Villalon purported to assert a separate general-negligence claim against Galindo. Villalon did not specifically allege a negligence claim based on a negligent-activity theory. *See Rodriguez v. Gulf Coast & Builders Supply, Inc.*, No. 14-05-00930-CV, 2006 WL 3797722, at *1, *3 (Tex. App.— Houston [14th Dist.] Dec. 28, 2006, no pet.) (mem. op.). At trial Villalon did not assert a negligent-activity theory, nor did she introduce evidence that would support such a theory. *See id*. On this record, the trial evidence did not provide a basis for the trial court to properly render judgment in Villalon's favor on a general-negligence claim independent of her negligence claim based on a premises-liability theory. *See id*. Therefore, the trial court did not err in failing to render judgment in Villalon's favor as to this claim. Accordingly, we overrule Villalon's second issue.

## C. Findings of Fact

In her third issue, Villalon asserts that the trial court reversibly erred by failing to issue findings of fact and conclusions of law. Months before trial, in January 2014, Villalon filed proposed findings of fact and conclusions of law. The trial took place on April 23, 2014, and the trial court signed a judgment the next day. Villalon did not file a request for findings of fact and conclusions of law

6

within twenty days of the trial court's judgment. A month later, on May 23, 2014, Villalon filed a notice of past due findings of fact and conclusions of law. The trial court signed an order in which the court stated that the record contained no timely request for findings of fact and conclusions of law. In its order, the trial court stated that Villalon's January 2014 proposed findings (filed before trial) did not provide proper notice to the court.

On appeal, Villalon asserts that, although the document in the clerk's record is entitled "proposed findings," the substance of her proposed findings is a request for findings of fact and conclusions of law. Galindo argues that the substance of the document was not a request for the trial court to make findings of fact and conclusions of law, but instead was a document filed to comply with the trial court's pre-trial requirement that each party file proposed findings before trial.

Texas Rule of Civil Procedure 296, entitled "Requests for Findings of Fact and Conclusions of Law," provides:

> In any case tried in the district or county court without a jury, any party may request the trial court to state in writing its findings of fact and conclusions of law. Such request shall be entitled, "Request for Findings of Fact and Conclusions of Law" and shall be filed within twenty days after judgment is signed with the clerk of the court, who shall immediately call such request to the attention of the judge who tried the case. The party making the request shall serve it on all other parties in accordance with Rule 21a.

Tex. R. Civ. P. 296.

Villalon filed proposed findings with the trial court months before trial and none after trial. The proposed findings contain several blank spaces and do not contain any request for the trial court to enter findings or take any action. These proposed findings were not filed within twenty days after the judgment was signed. The substance of the proposed-findings document is not a request for findings of

7

fact and conclusions of law, and it did not put the trial court on notice that Villalon was requesting the trial court to enter findings of fact and conclusions of law. Because Villalon did not file a timely request for findings of fact and conclusions of law, Villalon has waived this issue. *See Evans v. Linares*, No. 14-14-00468-CV, 2015 WL 1874232, at *3 (Tex. App.—Houston [14th Dist.] Apr. 23, 2015, pet. filed) (mem. op.); *In re J.B.H.*, No. 14-05-00745-CV, 2006 WL 2254130, at *2 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (mem. op.). Accordingly, we overrule Villalon's third issue.

### D. Denial of Motion for New Trial

In her fourth issue, Villalon asserts that the trial court erred in denying her motion for new trial because Galindo did not oppose the motion. Villalon argues that there is "no legitimate reason why a trial judge would deny a new trial when there is no written nor oral opposition to same." Villalon also asserts that the failure to file a response in opposition to a motion for new trial "can only be construed as no opposition to same."

Villalon relies on Harris County Local Rule 3.3.2, which states that "[f]ailure to file a response *may* be considered a representation of no opposition." Harris County Local Rule 3.3.2 (emphasis added). Villalon cites no case in which a court holds that this local rule requires a court to treat a failure to file a response as a representation of no opposition. Under the unambiguous language of this rule, the trial court was not required to treat Galindo's failure to file a response to the motion for new trial as a representation of no opposition. *See id*. Villalon has not cited and research has not revealed any authority under which the trial court would be required to treat Galindo's failure to respond as a representation of no opposition. In this context, though it may be prudent to always file a response, a party nonetheless may choose not to respond because the party deems the motion

to be lacking in merit or because the party is trying to conserve resources.

As movant, it was Villalon's burden to show her entitlement to the relief she sought in her motion for new trial. The trial court did not abuse its discretion in denying Villalon's motion for new trial. Therefore, we overrule Villalon's fourth issue.

## III.    CONCLUSION

The evidence is legally sufficient to support the trial court's failure to find that a condition on the premises created an unreasonable risk of harm. The trial court did not err in failing to render judgment in Villalon's favor as to a purported general-negligence claim independent of her negligence claim based on a premises-liability theory. Villalon's challenge to the trial court's failure to file findings of fact and conclusions of law lacks merit because Villalon failed to timely request findings of fact and conclusions of law. The trial court did not abuse its discretion in denying Villalon's motion for new trial. Having overruled all of Villalon's issues, we affirm the trial court's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Busby.