**Robert DUDLEY, Appellant,**

v.

**TEXAS STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellee.**

**No. 13–85–548–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Charles Hood, Port Lavaca, for appellant.

Richard D. Naylor, Delmar L. Cain, Asst. Attys. Gen., Highway Div., Austin, for appellee.

Before BENAVIDES, UTTER, and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from a take-nothing judgment.

At approximately 6:00 p.m. on August 25, 1981, Robert Dudley left his workplace and was en route to his mother's home when he was involved in a collision with another vehicle at the intersection of Farm-to-Market Road 3084 and Farm-to-Market Road 1090.

Appellant brought suit against the Texas State Department of Highways and Public Transportation (the State) under the Texas Tort Claims Act, TEX.REV.CIV.STAT. ANN. Art. 6252-19 §§ 14(12), § 18(b) (Vernon 1970), *repealed by* Act of Sept. 1, 1985, ch. 959 § 9(1), 1985, claiming that injuries he suffered from the collision were due to the dangerous condition of the intersection. In his First Amended Petition, appellant asserted that the placement of the stop sign and guardrail, and the failure to properly maintain the vegetation around the guardrail at the intersection created a special defect which the State had a duty to either repair or to warn appellant or others similarly situated about.

At trial, appellant offered evidence of changes made by the State [1] to prove that the State had knowledge of the dangerous condition of the intersection and requested that he be allowed to "go into the changes" for that limited purpose, in accordance with TEX.R.EVID. 407(a). Appellant's request was denied and offer excluded.

Special issues number 1 and number 8 were requested and answered as follows:

Special Issue No. 1

Do you find from a preponderance of the evidence that any of the following conditions existed on the occasion in question?

Answer "yes" or "no" in the space provided.

| | | |
|---|---|---|
| A. | Stop sign too far from FM 1090 | A. No |
| B. | Stop line too far from FM 1090 | B. No |
| C. | Guardrail north of FM 1090 and FM 3084 intersection blocking view | C. No |
| D. | Unmown weeds and/or grass north of FM 3084 intersection blocking view | D. No |

Special Issue No. 8

Do you find from a preponderance of the evidence that Robert Dudley was negligent in any of the following acts or omissions? As to each such act or omission answer "Yes" or "No" on the corresponding line of Column One.

If any of your answers in Column One are "Yes," and only in that event, then do you find from a preponderance of the evidence that such negligence was a proximate cause of the occurrence in question? Answer "Yes" or "No" on the corresponding line of Column Two.

| | COLUMN ONE NEGLIGENCE | COLUMN TWO PROXIMATE CAUSE |
|---|---|---|
| 1. In failing to maintain a proper lookout. | Yes | Yes |
| 2. In failing to make a proper application of his brakes. | Yes | Yes |
| 3. In failing to stop his vehicle in accordance with the stop sign placed at said intersection. | Yes | Yes |
| 4. In failing to keep his vehicle in a stopped position until such time as he could enter the intersection in question with safety. | Yes | Yes |

Based on the jury's answers to special issues, the court rendered a take-nothing

---

1. The 30-inch stop sign located on FM 3084 was replaced by a 48-inch sign, and a "STOP AHEAD" sign is now located 1,000 feet from the intersection on FM 3094. This evidence was offered by Bill of exceptions.

judgment and adjudged costs against appellant.

Appellant brings one point of error, claiming that the trial court erred in refusing to allow evidence of subsequent remedial changes "on the contested issue of appellee's notice of the dangerous condition of the intersection."

Appellant argues that the evidence of the larger stop sign and "Stop Ahead" sign is evidence of subsequent remedial changes, admissible under Rule 407(a). He claims that his excluded evidence falls into that category of evidence admissible under Rule 407(a), when facts or evidence are controverted or impeached.

Rule 407(a) provides in pertinent part as follows:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent remedial measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent remedial measures when offered for another purpose, such as proving ownership, control or feasibility of precautionary measures, if controverted, or impeached.... TEX.R.EVID. 407(a).

Appellant's point, more correctly stated, is that Rule 407(a) does not operate to require exclusion of the proferred testimony when offered to show knowledge on the part of the State of the alleged dangerous condition of the intersection where appellant's collision occurred.

■ We find that evidence of subsequent acts of placing another, larger sign at the same location and placing a "Stop Ahead" sign, (after a request to the State from the County Commissioners for a "bouncing light" at the intersection and after appellant's accident) introduced to show knowledge of dangerous defects, is not that type of evidence offered "for another purpose" within the purview of Rule 407(a), but that the admission of such evidence would in fact violate Rule 407(a).

In addition, the "subsequent events" evidence offered by appellant does not show knowledge of the specific defects pled by appellant that made the intersection dangerous.

Replacing the stop sign with a larger sign at the same location does not show the State's knowledge of an alleged defect that the sign was too far from the intersection, or knowledge that a guardrail would block appellant's view of the intersection, or knowledge that unmowed grass or weeds would block the view of the intersection. The trial court did not err in excluding the proferred evidence.

■ Finally, even if the evidence should have been admitted, its exclusion was harmless error. TEX.R.CIV.P. 434. While appellant claims that the evidence shows knowledge of dangerous conditions, the jury failed to find that the particular alleged defective conditions in fact existed at the time of appellant's accident. Appellant testified he knew about the sign and stopped at the sign. The appellant himself was found to have been negligent and to have proximately caused the collision by multiple acts or omissions. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.