OPINION
 

 Opinion by
 

 Justice LANG-MIERS.
 

 Doyle Anderton d/b/a A-1 Turf (An-derton) appeals a judgment in favor of William Schindler and Tri-County Sod and Nursery Company, Inc. (Schindler) for damages, interest, attorneys fees, and costs. The judgment incorporated a partial summary judgment in favor of Schindler determining that a settlement agreement was enforceable and dismissed Anderton’s claims. On appeal, Anderton argues that the trial court erred by denying his motion for partial summary judgment, by granting Schindler and Tri-County’s motion for partial summary judgment, and by entering judgment in favor of Schindler and TriCounty. We affirm.
 

 BACKGROUND
 

 Anderton leased a sod farm from TriCounty for a period of 40 months. Schindler signed the lease as President of TriCounty. Because Schindler’s wife did not agree with the terms of the lease, and to appease her, Anderton also signed a side agreement with both Schindler and his wife agreeing to pay them $1,000 per month for the 40 months of the lease. The lease and the side agreement were signed on the same day in February of 1998. Disagreements arose about the lease, Schindler locked Anderton out of the farm, and Anderton filed suit in December of 1998 against Schindler and Tri-County for tortious interference, fraud, breach of contract, DTPA violations, and intentional infliction of emotional distress. Anderton also asked for specific performance of the lease. Anderton did not join Schindler’s wife as a party to the lawsuit. Schindler counter-claimed for breach of contract and for damage to the property.
 

 The trial court ordered mediation and the parties reached a mediated settlement agreement on January 4,1999. One of the provisions of that agreement was that Schindler and his attorney would use their best efforts to secure Mrs. Schindler’s signature on a mutual release of claims that included claims regarding the side agreement. After the mediation, Anderton sent Schindler’s lawyer a check for $10,000 made out to both Mr.
 
 &
 
 Mrs. Schindler and a release with signature lines for both of them. Schindler and his attorney attempted to obtain Mrs. Schindler’s signature. But she was not willing to release her claim against Anderton and would not sign the release or endorse the check. As a result, Schindler’s lawyer returned the check to Anderton’s lawyer and asked him to send a new check payable only to Mr. Schindler and a revised settlement agreement with Mrs. Schindler’s name removed as signatory on the release. Anderton did not send a new check or a revised settlement agreement.
 

 The case continued as if there had been no settlement agreement. Schindler filed a counterclaim based on the lease and conducted extensive discovery on the merits.
 

 In May of 2000, 16 months after the settlement agreement was signed, Schindler filed a counterclaim seeking enforcement of the settlement agreement, and Anderton asserted affirmative defenses to enforcement. The trial court abated the lawsuit until it could determine whether the settlement agreement was enforceable. Both parties filed motions for partial summary judgment on that issue. Anderton contended that Schindler was barred from
 
 *917
 
 enforcing the settlement agreement because of his breach of the agreement and because of the doctrines of estoppel and laches. Schindler contended that the agreement was binding and enforceable and that the determination of whether the agreement was breached and, if so, the remedies that should be awarded were separate issues of fact.
 

 The court denied Anderton’s motion for partial summary judgment, granted Schindler’s motion for partial summary judgment, and determined that the settlement agreement was enforceable. It entered a partial summary judgment, finding that there were no genuine issues of material fact as to the enforceability of the mediated settlement agreement but that there were fact issues relating to the compliance with or breach of the mediated settlement agreement. It set for trial the question of whether the parties had breached the settlement agreement and, if so, the remedies for the nonbreaching party or parties.
 

 Schindler’s claim for breach of the settlement agreement was then submitted to the trial court on stipulated facts, exhibits, and testimony. Anderton did not reassert his affirmative defenses of estoppel and laches, did not assert a counterclaim that the settlement agreement was breached, or seek recovery or offset against Schindler based on the terms of the settlement agreement. After the bench trial, the trial court entered a judgment in favor of Schindler for damages, interest, attorney’s fees, and costs, and dismissed all of Ander-ton’s underlying claims relating to the lease. The court also entered findings of fact and conclusions of law.
 

 I. ANDERTON’S MOTION FOR PARTIAL SUMMARY JUDGMENT
 

 In his first issue, Anderton contends that the trial court erred by denying his motion for partial summary judgment. He argues that the summary judgment evidence established, as a matter of law, that Schindler was barred from enforcing the settlement agreement because he breached the agreement by failing to obtain Mrs. Schindler’s signature and because of the doctrines of equitable estoppel and laches. But after his motion for partial summary judgment was denied and Schindler’s motion for pai’tial summary judgment was granted, the case proceeded to trial on the merits. The denial of a motion for summary judgment when followed by a conventional trial on the merits does not finally decide any issue pending before the trial court; the denial of a motion for summary judgment presents nothing for review.
 
 Ackermann v. Vordenbaum,
 
 403 S.W.2d 362, 365 (Tex.1966);
 
 Johns v. Ram-Forwarding, Inc.,
 
 29 S.W.3d 635, 638-39 (Tex.App.-Houston [1st Dist.] 2000, no pet.);
 
 Horton v. Horton,
 
 965 S.W.2d 78, 88 (Tex.App.-Fort Worth 1998, no pet.). As a result, the denial of Anderton’s motion for partial summary judgment is not appealable. We overrule appellant’s first issue.
 

 II. SCHINDLER’S MOTION FOR PARTIAL SUMMARY JUDGMENT
 

 A.
 
 Summary Judgment Standard of Review
 

 In his second issue, Anderton contends that the trial court erred by granting Schindler’s motion for partial summary judgment.
 

 A partial summary judgment becomes appealable after a judgment is rendered disposing of all the issues in a case.
 
 See Newco Drilling Co. v. Weyand,
 
 960 S.W.2d 654, 656 (Tex.1998);
 
 Hicks v. S.W. Settlement & Dev. Corp.,
 
 181 S.W.2d 982, 983 (Tex.Civ.App.-Eastland 1944, no writ). The issue on appeal is whether the movant met his summary judgment burden by es
 
 *918
 
 tablishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.
 
 See
 
 Tex.R. Civ. P. 166a(c);
 
 S.W. Elec. Power Co. v. Grant,
 
 73 S.W.3d 211, 215 (Tex.2002);
 
 Nixon v. Mr. Prop. Mgmt. Co.,
 
 690 S.W.2d 546, 548 (Tex.1985). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. S.W.
 
 Elec. Power,
 
 73 S.W.3d at 215. We must view the evidence and its reasonable inferences in the light most favorable to the non-movant.
 
 Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,
 
 391 S.W.2d 41, 47 (Tex.1965). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.
 
 Nixon,
 
 690 S.W.2d at 548. Evidence that favors the movant’s position will not be considered unless it is uncontrovert-ed.
 
 Great Am.,
 
 391 S.W.2d at 47. When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any theory advanced is meritorious.
 
 Carr v. Brasher,
 
 776 S.W.2d 567, 569 (Tex.1989).
 

 B.
 
 Enforcement of Settlement Agreement
 

 The decision of whether a mediated settlement agreement is enforceable is determined in the same manner as any other written contract. Tex. Crv. Prao. & Rem.Code Ann. § 154.071(a) (Vernon 1997);
 
 Hardman v. Dault,
 
 2 S.W.3d 378, 380 (Tex.App.-San Antonio 1999, no pet.). An agreement is enforceable if it is “complete within itself in every material detail, and ... contains all of the essential elements of the agreement.”
 
 Padilla v. LaFrance,
 
 907 S.W.2d 454, 460 (Tex.1995). The intent of the parties to be bound is an essential element of an enforceable contract, and is generally a question of fact.
 
 Farah v. Mafrige & Kormanik, P.C.,
 
 927 S.W.2d 663, 678 (Tex.App.-Houston [1st Dist.] 1996, no writ). However, where that intent is clear and unambiguous on the face of the agreement, it may be determined as matter of law.
 
 See Hardman,
 
 2 S.W.3d at 380.
 

 “[A] contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook.”
 
 T.O. Stanley Boot Co. v. Bank of El Paso,
 
 847 S.W.2d 218, 221 (Tex.1992). If an alleged agreement is so indefinite as to make it impossible for a court to fix the legal obligations and liabilities of the parties, it cannot constitute an enforceable contract.
 
 Engelman Irrigation Dist. v. Shields Bros.,
 
 960 S.W.2d 343, 352 (Tex.App.-Corpus Christi 1997), pet denied per curiam, 989 S.W.2d 360 (Tex.1998). In order for a court to enforce a contract, the parties must agree to the material terms of the contract.
 
 T.O. Stanley Boot,
 
 847 S.W.2d at 221. To be legally binding, the parties must have a meeting of the minds and must communicate consent to the terms of the agreement.
 
 Smith v. Renz,
 
 840 S.W.2d 702, 704 (Tex.App.-Corpus Christi 1992, writ denied).
 

 C.
 
 Application to Facts
 

 The only issue that Schindler presented to the court in his motion for partial summary judgment was whether the mediated settlement agreement was binding and enforceable. He contended that there were no issues of fact regarding “whether the settlement agreement exists and is binding. There are factual disputes relating to whether the agreement was satisfied.” He also argued that there were issues of fact precluding summary judgment on Anderton’s affirmative defenses. His motion asked the court to “grant sum
 
 *919
 
 mary judgment that the settlement agreement is enforceable, and deny the summary judgment with respect to whether there has been compliance with the settlement agreement.”
 

 Anderton’s motion for partial summary judgment and response to Schindler’s motion did not challenge Schindler’s argument that the agreement was binding and enforceable. Instead, he contended that Schindler was barred from enforcing it because he breached the agreement and was barred by the doctrines of estoppel and laches.
 
 [1]
 

 It is uncontroverted that the parties signed a settlement agreement and intended to be bound it. Although the parties disagreed about the meaning of some terms and about whether the agreement should be enforced, the terms are sufficiently definite to determine the obligations of the parties. Accepting everything asserted in Anderton’s opposition to Schindler’s motion as true, we conclude that Anderton did not raise a genuine issue of material fact as to whether the agreement was binding and enforceable, as opposed to whether it should be enforced. As a result, we conclude that the trial court did not err in granting Schindler’s motion for partial summary judgment. We overrule appellant’s second issue.
 

 III. TRIAL ON THE MERITS
 

 In his third issue, Anderton contends that if we determine that the court erred in denying his motion for partial summary judgment or in granting Schindler’s motion for partial summary judgment, we should also conclude that the court erred in entering judgment for Schindler. Since we have held that the denial of his motion for partial summary judgment is not ap-pealable and that the granting of Schindler’s motion for summary judgment was not error, we also overrule appellant’s third issue.
 

 CONCLUSION
 

 Finding no error, we affirm the trial court’s judgment.
 

 [1]
 

 . In fact, Anderton argues that he “never moved for summary judgment on the basis that the Settlement Agreement was not enforceable when made; rather, A-l Turf only moved for summary judgment on the basis that the Settlement Agreement subsequently became unenforceable by Schindler as a result of his breach of the provisions of that contract.”