Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-11-00260-CV

Estevan **SALINAS** and Unitrin County Mutual Ins. Co.,
Appellants

v.

Gregorio **AGUILAR**
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2009CVE001991D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  March 14, 2012

AFFIRMED

Gregorio Aguilar was injured when he was struck by a vehicle driven by Estevan Salinas. Aguilar sued Estevan Salinas and Salinas's insurance carrier, Unitrin County Mutual Insurance Company (collectively, "appellants"); Aguilar also sued Juan R. Salinas, the vehicle's owner. Aguilar's original petition asserted claims of negligence, gross negligence, and negligent entrustment. Shortly thereafter, the Salinases filed a Rule 13 motion for sanctions, contending Aguilar should have known that his allegations of gross negligence and negligent entrustment

were groundless and brought in bad faith or for the purposes of harassment. Unitrin also filed a motion for sanctions, contending that because Aguilar did not have standing to directly sue a liability carrier, his claims were groundless and brought in bad faith or for the purposes of harassment.

Additionally, Juan Salinas moved for summary judgment, arguing that Aguilar could not prove his claims of negligent entrustment and gross negligence as a matter of law. Estevan Salinas also moved for partial summary judgment on the gross negligence claim. After a hearing, the trial court granted Juan's motion, and denied Estevan's.

On February 7, 2011, the morning of trial, Aguilar moved for nonsuit in open court, dismissing all of his claims against Estevan and Unitrin. The trial court granted the Motion to Dismiss Without Prejudice. The same day, the Salinases filed their second Rule 13 motion for sanctions. Three days later, Aguilar filed a motion to reinstate after non-suit. The next day, Estevan filed a Motion for Costs Due to Plaintiff's Failure to Admit Requests for Admission. Thereafter, the trial court set the appellants' various motions for hearing on March 29, 2011; however, the parties then entered into a Rule 11 agreement resetting the hearing to May 31, 2011. The record before us does not reflect whether that hearing was held.

Appellants timely appealed, arguing that the trial court erred in (1) denying Estevan Salinas's motion for partial summary judgment on the gross negligence claim and (2) failing to set their motions for sanctions for a hearing prior to the expiration of the trial court's plenary power.

## DISCUSSION

Appellants first argue that the trial court erred in failing to grant Estevan's motion for partial summary judgment. Aguilar responds that the order of dismissal renders appellants'

complaint moot.[1] We agree. A nonsuit has the effect of "rendering the merits of the case moot." *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006). When Aguilar nonsuited his case, the effect of this action was to extinguish his causes of action against appellants and to return the parties to the positions they were in before Aguilar invoked the jurisdiction of the trial court. *See id.* at 100; *Waterman Steamship Corp. v. Ruiz*, 355 S.W.3d 387, 399 (Tex. App.—Houston [1st Dist.] 2011, no pet.). As a result of the nonsuit, it was as if Aguilar had never brought suit in the first place. *See Hagberg v. City of Pasadena*, 224 S.W.3d 477, 484 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("When a party nonsuits a legal action, the parties are put back in the same positions as before the filing of the suit."); *KT Bolt Mfg. Co. v. Tex. Elec. Coops., Inc.*, 837 S.W.2d 273, 275 (Tex. App.—Beaumont 1992, writ denied) ("[A nonsuit] merely places [the parties] in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought."). Accordingly, the non-suit extinguished Aguilar's claim of gross negligence against Estevan from the moment his notice was filed. *See* TEX. R. CIV. P. 162; *Petras v. Criswell*, 248 S.W.3d 471, 478-79 (Tex. App.—Dallas 2008, no pet.). Because there is presently no actual controversy between the parties with respect to this claim, appellants' challenge is moot, and we may not address it.[2] *See Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (mootness doctrine dictates that courts avoid rendering advisory opinions by deciding only issues that present an actual controversy at the time of the decision).

---

[1] We recognize that the denial of a partial motion for summary judgment is generally not an appealable order. *See Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex. 1966) (appellate courts do not generally have jurisdiction to hear the denial of a motion for summary judgment on appeal); *Anderton v. Schindler,* 154 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.) (same).

[2] We further note that Aguilar's Third Amended Petition—the final pleading filed before the nonsuit—did not assert a claim of gross negligence.

Appellants next argue that the trial court erred in failing to set their motions for sanctions for a hearing prior to the expiration of its plenary power. Although a trial court retains jurisdiction to address collateral matters such as motions for sanctions after a nonsuit, it must do so within its plenary power period. TEX. R. CIV. P. 162; *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). The expiration date for a trial court's plenary power is calculated from the date the court enters a final order disposing of all the claims and parties. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 95 (Tex. 2009) (citing *Crites v. Collins*, 284 S.W.3d 839, 840-41 (Tex. 2009)). If a motion for sanctions is pending when a final judgment is signed, the trial court has until the expiration of its plenary power, 30 to 105 days, to enter an order on the motion or it loses jurisdiction to do so. *See* TEX. R. CIV. P. 329b; *Mantri v. Bergman*, 153 S.W.3d 715, 717 (Tex. App.—Dallas 2005, pet. denied); *see also Scott & White Memorial Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (per curiam) (trial court cannot issue order of sanctions after its plenary power expires). Here, the dismissal order disposed of all claims and parties pursuant to Aguilar's pleadings. Thus, the trial court's plenary power ran from the date it signed the dismissal order on February 7, 2011. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (recognizing that the signing of an order dismissing a case is the starting point for determining when a trial court's plenary power expires). Since post-judgment motions were filed and not ruled upon, the trial court's plenary power expired 105 days later on May 23, 2011. *See* TEX. R. CIV. P. 329b(c), (e), (g); *see also State v. Approximately $2,000,000.00 in U.S. Currency*, 822 S.W.2d 721, 724 (Tex. App.—Houston [1st Dist.] 1991, no writ) (filing of proper and timely motion to reinstate has same effect as motion for new trial in respect to extending time for perfecting appeal).

Because the trial court retained jurisdiction to rule on the motions for sanctions for 105 days from the date the nonsuit was signed, the trial court did not err in setting the motions for hearing on March 29, 2011. However, appellants agreed to reset the hearing on the pending motions to May 31, 2011, which was past the date on which the trial court's plenary power expired. The record contains no other efforts by appellants to have the motions heard within the trial court's plenary power. Because the motions for sanctions were never heard or expressly ruled upon, there is nothing before us to review. *See* TEX. R. APP. P. 33.1(a)(2) (requiring a trial court ruling—or refusal to rule—as a prerequisite to presenting a complaint for appellate review); *In re Estate of Blankenship*, No. 04-08-00043-CV, 2009 WL 1232325, at \*5 (Tex. App.—San Antonio May 6, 2009, pet. denied) (mem. op.). We thus conclude that appellants' failure to have the motions heard, including their voluntary agreement to set the hearing on a date outside the court's plenary power, waives their complaint on appeal. Accordingly, we overrule appellants' second issue and affirm the judgment of the trial court.


Phylis J. Speedlin, Justice