

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00810-CV

Laura **CASTILLO** and Armando Castillo Sr.,
Individually and as Representatives of the Estate of Armando Castillo Jr.,
Appellants

v.

**FORD MOTOR COMPANY**,
Appellee

From the 365th Judicial District Court, Zavala County, Texas
Trial Court No. 09-03-11947-ZCVAJA
Honorable Amado J. Abascal III, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:          Catherine Stone, Chief Justice
                  Marialyn Barnard, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed:  April 3, 2013

AFFIRMED

Appellants Laura and Armando Castillo Sr., Individually and as Representatives of the Estate of Armando Castillo Jr. ("the Castillos"), filed suit against appellee Ford Motor Company, alleging a defective design in Ford's 2002 U-152 Explorer proximately caused the death of their son during a rollover accident. The jury returned a verdict in favor of Ford, and the trial court entered a take-nothing judgment. On appeal, the Castillos contend the trial court erred in: (1) permitting Ford to introduce evidence the decedent was not wearing a seatbelt at the time of the

accident, and (2) excluding evidence of crash testing performed by Ford with respect to the Explorer. We affirm the trial court's judgment.

## BACKGROUND

Seven teenagers rode in a 2002 Ford Explorer following a quinceanera rehearsal in Crystal City, Texas. The driver was a 15-year-old male who had no driver's license and who had not completed a driver's education course or any other driver training. On the day of the accident, the driver took the Explorer, owned by his parents, without their permission. Testimony from the passengers revealed that on the way back from the rehearsal, the driver turned into a primitive, narrow road driving very fast, and lost control of the vehicle. The vehicle swerved from side to side, went off the road, and eventually vaulted into the air.

Decedent Armando Castillo Jr. was the only passenger who died in this rollover accident. At the time of the accident, the decedent was seated in the third row passenger seat next to a side panel window. Testimony showed the decedent was not wearing a seatbelt prior to or during the accident. His upper body was thrown out of the right rear window, causing fatal injuries to his upper body and head during the rollover.

The Castillos filed suit against the underage driver[1] and Ford, the Explorer's manufacturer. The Castillos alleged that both design and marketing defects relating to the use of tempered glass in the Explorer's passenger windows caused the death of their son. Specifically, the Castillos argued laminated glass was both a technologically feasible and commercially reasonable and safer alternative to the use of tempered glass in the Explorer's passenger windows. The Castillos's biomechanical expert testified that had the Explorer's third row side panel window consisted of laminated, rather than tempered, glass, the decedent would have survived the accident.

---

[1] The Castillos non-suited all claims against the driver shortly before trial.

Before trial, the Castillos filed motions asking the trial court to prohibit Ford from introducing any evidence regarding the fact that their son was not wearing a seatbelt at the time of the accident. The trial court denied all of these motions and permitted Ford's witnesses to testify the decedent failed to wear a seatbelt during the accident.

The Castillos also sought to introduce evidence of a "sled test" performed by Ford with respect to the Explorer's third row passenger seating, which they alleged would demonstrate the heads of passengers in the third row, regardless of their use of a seatbelt, would break through the tempered glass rear window during an accident. The trial court refused to admit the Castillos' evidence and denied their request for a jury instruction that would have directed the jury to ignore the decedent's failure to wear a seatbelt.

The jury returned a verdict in favor of Ford, and the trial court entered a take-nothing judgment. Subsequently, the trial court denied the Castillos' motion for new trial. The Castillos then perfected this appeal.

## ANALYSIS

The Castillos argue the trial court erred in: (1) permitting Ford to introduce evidence the decedent was not wearing a seatbelt at the time of the accident, and (2) excluding evidence of crash testing performed by Ford with respect to the Explorer. In two cross-points, Ford argues the trial court erred in: (1) finding the Castillos' claims were not pre-empted by Federal Motor Vehicle Safety Standard 205, and (2) admitting the opinion testimony of the Castillos' expert witness Stephen Batzer.

### *Standard of Review*

The decision to admit or exclude evidence is within the trial court's discretion. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000). When reviewing a trial

court's evidentiary decisions, we use an abuse of discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *E-Z Mart Stores, Inc. v. Ronald Holland's A-Plus Transmission & Automotive, Inc.*, 358 S.W.3d 665, 674 (Tex. App.—San Antonio 2011, pet. denied). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles." *Larson v. Downing*, 197 S.W.3d 303, 304–05 (Tex. 2006) (quoting *Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996)). If there is a legitimate basis in the record to support the ruling, we must uphold it. *E-Z Mart Stores, Inc.*, 358 S.W.3d at 674 (citing *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

On appeal, the complaining party must not only show the trial court committed error in its evidentiary ruling, but also that the error probably caused the rendition of an improper judgment. *E-Z Mart Stores, Inc.*, 358 S.W.3d at 674–75 (quoting *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009)); s*ee Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000). It is not necessary for the complaining party to prove that but for the exclusion of the evidence, there would have been a different outcome, but only that "the exclusion of evidence probably resulted in the rendition of an improper judgment." *E-Z Mart Stores, Inc.*, 358 S.W.3d at 675 (citing *McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex. 1992)).

### *Admission of Seatbelt Use Evidence*

The Castillos first argue the trial court erred in permitting Ford to introduce evidence the decedent was not wearing a seatbelt at the time of the accident. The Castillos primarily rely on the Texas Supreme Court cases of *Pool v. Ford Motor Company*, 716 S.W.2d 629 (Tex. 1986) and *Carnation Co. v. Wong*, 516 S.W.2d 116 (Tex. 1974) to argue seatbelt use evidence is not admissible to reduce or mitigate a plaintiff's damages. In both cases, the court held evidence of the use or non-use of a seatbelt was not evidence of contributory negligence, and therefore

should not be admitted to mitigate the plaintiff's damages. *Pool*, 716 S.W.2d at 633; *Carnation Co.*, 516 S.W.2d at 116.

Ford first argues the Castillos failed to preserve error for appeal because they did not make a timely objection to the admission of seatbelt use evidence during trial. *See Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) (stating that to preserve error with regard to admission of evidence, party must object each time inadmissible evidence is offered or obtain running objection); *see also* TEX. R. APP. P. 33.1 (stating party must timely object and make complaining grounds with sufficient specificity, unless specific grounds were apparent from context, and must obtain ruling).

In response, the Castillos argue they preserved error by filing pre-trial motions, including two motions for partial summary judgment, where they advocated for the exclusion of seatbelt evidence. *See Huckaby v. A.G. Perry & Son, Inc.*, 20 S.W.3d 194, 203–06 (Tex. App.—Texarkana 2000, pet. denied) (holding that although rulings on motions in limine do not preserve error, pre-trial rulings on admissibility of evidence do). Ford counters that these motions were not sufficient to preserve error on the admissibility of seatbelt evidence later offered at trial. *See Anderton v. Schindler*, 154 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.) ("[T]he denial of a motion for summary judgment presents nothing for review."). We agree the Castillos failed to preserve error for our review on the admissibility of seatbelt use evidence. *See* TEX. R. APP. P. 33.1.

Assuming arguendo, the Castillos preserved error for our review, we hold the trial court was within its discretion in allowing testimony regarding the decedent's failure to use a seatbelt prior to and during the accident. Ford argues this is a crashworthiness case because the Castillos claimed the Explorer was not adequately designed to protect their son from being ejected when

the accident occurred. *See Ford Motor Co. v. Miles*, 141 S.W.3d 309, 317 (Tex. App.—Dallas 2004, pet denied) (noting crashworthiness cases claim defect in vehicle caused occupant to sustain injuries in accident that he or she would not otherwise have suffered) (citing *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 665 (Tex. 1999)). Ford asserts the Castillos placed directly at issue the design of the vehicle's occupant restraint system, and the seat belt is a basic element of such a system.

Texas law used to provide the use or nonuse of a safety belt was not admissible in a civil trial.[2] However, this law is no longer applicable in crashworthiness cases. *See Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132 (Tex. 1994) (noting statute prohibiting evidence of use or nonuse of seat belt in civil trial was not intended to and does not apply to protect seat belt manufacturer from liability for defective restraint systems); *see also Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 201–02 (5th Cir. 2006) (noting seat belt evidence was necessary to defeat crashworthiness claim). Furthermore, the case at hand is different from the cases relied on by the Castillos, as *Pool* and *Carnation Co.* were not crashworthiness cases and did not put at issue the defendant's design of the occupant restraint system.

Therefore, we hold the trial court was within its discretion to allow Ford to present seatbelt use evidence by the decedent to defeat the Castillos's crashworthiness claim. *See Hodges*, 474 F.3d at 202. However, even if the seatbelt evidence was inadmissible, as the Castillos argue, we hold such error was harmless and did not lead to the rendition of an improper judgment. *See E-Z Mart Stores, Inc.*, 358 S.W.3d at 674–75. After all, despite hearing the decedent was not wearing a seatbelt at the time of the accident, the jury found the decedent was

---

[2] Before its repeal in 2003, Texas Transportation Code section 545.413(g) provided, "Use or nonuse of a safety belt is not admissible evidence in a civil trial." Act of Apr. 21, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 545.413(g), 1995 Tex. Gen. Laws 1025, 1644, *repealed by* Act of June 1, 2003, 78th Leg., R.S., ch. 204, § 8.01, 2003 Tex. Gen. Laws 847, 863.

not negligent at all, and assigned all responsibility to the driver of the Explorer. Furthermore, the jury did not reach any of the damage questions, and thus, the seatbelt evidence did not mitigate any damages. *See Pool*, 716 S.W.2d at 633. Accordingly, we overrule the Castillos' first point of error.

### *Exclusion of Sled Test Evidence*

The Castillos next argue the trial court erred in prohibiting them from introducing evidence of Ford's "sled test." The Castillos argued the "sled test" was the only crash testing performed by Ford with respect to the vehicle's design, and the test allegedly demonstrated the heads of seatbelted passengers in the Explorer's third row would crash through the tempered glass rear window. Thus, the Castillos allege the "sled test" evidence was critical to show the Explorer's tempered glass passenger windows were unreasonably dangerous irrespective of the passengers' use of seatbelts, and to rebut Ford's contention that had decedent used his seatbelt, he would have survived the rollover.

Ford argues, however, the trial court correctly excluded the test because the record shows it was very dissimilar from the incident at hand. For example, the sled test was a frontal collision, while the accident here was a driver's side leading rollover. In the sled test, the heads of the belted crash-test dummies extended through the rear hatchback window opening as the vehicle rebounded off of the wall. In this accident, the decedent's upper body was thrown out the side panel window as the vehicle was rolling over. Finally, and importantly, for the sled test, the glass in the rear hatchback window had been removed. As a result, the test could not show the extent to which tempered glass might, or might not, have prevented the dummies' heads from extruding outside the vehicle.

We agree with Ford's assertions. The trial court was well within its discretion to exclude evidence of the sled test, as evidence of another incident or test is admissible only if it is substantially similar to the accident at issue. *See In re Graco Children's Products, Inc.*, 210 S.W.3d 598, 601 (Tex. 2006); *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 138 (Tex. 2004). In this case, the sled crash test was manifestly different from the accident at hand, and the trial court had a legitimate basis to exclude evidence about the sled test. *See E-Z Mart Stores, Inc.*, 358 S.W.3d at 674.

Even if the trial court's ruling was erroneous, we hold the error was harmless and unlikely to have resulted in the rendition of an improper judgment. *See id.* at 675. If anything, the sled test evidence would have been cumulative, as the Castillos presented sufficient evidence the decedent's head would have extruded from the side window even if he wore a seatbelt. Therefore, we overrule the Castillos' last point of error.[3]

### CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

---

[3] Given our holding on the Castillos' points of error, we need not address Ford's cross-points.