**AFFIRM; and Opinion Filed February 19, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01512-CV

### ESMERALDA ESTEVEZ, Appellant
### V.
### LEADER FINANCIAL SERVICES, A DIVISION OF AMERICAN NATIONAL BANK, CLEVELAND, OHIO; LOANCARE, A DIVISION OF FNF SERVICING, INC.; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellees

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-01960**

## MEMORANDUM OPINION
Before Justices Myers, Evans, and O'Neill[1]
Opinion by Justice O'Neill

Appellant Esmerelda Estevez filed her Original Petition in this case alleging violations of the Debt Collection Act, breach of contract, wrongful foreclosure, and wrongful eviction. Her claims centered on alleged defects in the special warranty deed supporting the foreclosure and her eviction from her residence. Estevez did not effect service of citation on any of the three defendants, but LoanCare, a Division of FNF Servicing, Inc. (LoanCare) waived service and answered the suit. The parties filed cross motions for summary judgment; both motions were denied by the trial court. The trial court then heard the case on the merits. The final judgment ordered that Estevez take nothing by her claims against LoanCare and dismissed those claims

---

[1] The Honorable Michael J. O'Neill, Justice, Court of Appeals. Fifth District of Texas at Dallas, Retired, sitting by assignment.

with prejudice. The judgment also dismissed without prejudice Estevez's claims against the defendants that were not served. Estevez appeals the portion of the judgment dismissing her claims against LoanCare. We affirm.

Estevez filed her notice of appeal and arranged for the timely filing of the clerk's record in this Court. She failed, however, to request transcription of the reporter's record. When she did not respond to this Court's directive to file written verification of her arrangements to have the record transcribed, we ordered the appeal submitted without a reporter's record. Accordingly, we may consider and decide only those issues that do not require a reporter's record. *See* TEX. R. CIV. P. 37.3(c).

In her first and second issues, Estevez challenges the trial court's resolution of issues tried in the bench trial. Estevez contends the trial court erred when it entered the take-nothing judgment and dismissed her claims because (1) she had proved to the trial court that the special warranty deed on which LoanCare relied to claim possession was unsupported by a recorded power of attorney, and (2) she had proved to the trial court that one or more instruments in the chain of title preceding that same special warranty deed were executed by a person acting without proper capacity. These issues turn on the proof Estevez contends she offered concerning the invalidity of the special warranty deed. However, in the absence of a reporter's record, we cannot evaluate any proof she offered. Instead, we must presume the evidence presented at trial was sufficient to support the trial court's final judgment. *See Bryant v. United Shortline Inc. Assurance Servs. N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge every presumption in favor of the trial court's findings in the absence of a statement of facts."); *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient

to support the trial court's order."). Without a reporter's record, Estevez cannot establish that she proved any defect in the special warranty deed. We overrule her first and second issues.

In her third issue, Estevez contends the trial court erroneously denied her motion for partial summary judgment. The general rule is that an order overruling a motion for summary judgment is interlocutory in nature and is not appealable. *Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex. 1966). When the denial of a motion for summary judgment is followed by a trial on the merits—as was the case here—the denial does not finally decide any issue pending before the trial court, and so it presents nothing for our review. *See Anderton v. Schindler*, 154 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.). Because the denial of Estevez's partial motion for summary judgment is not appealable, we overrule her third issue.

We have resolved each of Estevez's issues against her. Accordingly, we affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

131512F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ESMERALDA ESTEVEZ, Appellant

No. 05-13-01512-CV      V.

LEADER FINANCIAL SERVICES, A
DIVISION OF AMERICAN NATIONAL
BANK, CLEVELAND, OHIO;
LOANCARE, A DIVISION OF FNF
SERVICING, INC.; AND MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., Appellees

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 12-01960.
Opinion delivered by Justice O'Neill.
Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees LEADER FINANCIAL SERVICES, A DIVISION OF
AMERICAN NATIONAL BANK, CLEVELAND, OHIO; LOANCARE, A DIVISION OF FNF
SERVICING, INC.; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
recover their costs of this appeal from appellant ESMERALDA ESTEVEZ.

Judgment entered this 19th day of February, 2015.