**REVERSE and REMAND; and Opinion Filed July 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00811-CV

**STRIDE STAFFING, Appellant**
**V.**
**ANTONIO HOLLOWAY, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-04380-C**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Brown

In this interlocutory appeal, appellant Stride Staffing appeals the trial court's order denying its motion to compel arbitration. For the following reasons, we reverse the trial court's order and remand to the trial court for further proceedings.

Stride Staffing is an employment agency that assigned Holloway to work at First Co. First Co. later terminated Holloway's assignment, and Holloway filed suit against First Co. and Stride Staffing asserting claims for racial discrimination. Stride Staffing filed a plea in abatement and motion to compel arbitration based on an arbitration agreement contained in an "Authorization and Consent" (Authorization) that Holloway executed before Stride Staffing assigned him to work at First Co.

In the Authorization, Holloway authorized Stride Staffing to conduct extensive background checks, consented to taking a drug test and future drug tests, and purportedly waived

numerous claims for injuries he might suffer while employed by, or on assignment for, Stride Staffing. The Authorization also contained an arbitration agreement stating:

> All legal disputes will be settled through arbitration and within the provisions provided by the Federal Arbitration Act. Either or we [sic], can without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you, and our clients or us [sic].

The Authorization also stated that Holloway understood he was waiving his "legal right to take any legal action" against Stride Staffing. Finally, the Authorization stated Holloway also understood the agreement was legally binding because Stride Staffing was "sending" him and his "application for the examination" and would "incur expenses for same."

In its motion to compel, Stride Staffing asserted Holloway was required to arbitrate his claims because they fell within the scope of the agreement to arbitrate. Holloway responded that the arbitration agreement was unenforceable because it was substantively unconscionable, lacked consideration, and contained "no terms." He relied entirely on the agreement itself to support his contentions. Although the trial court initially granted Stride Staffing's motion to compel, on reconsideration, it vacated that order and denied the motion. Stride Staffing appeals, asserting the arbitration agreement was valid and Holloway failed to prove a defense to the agreement.

Once it is established that a valid arbitration agreement exists and that the claims in question are within the scope of the agreement, a presumption arises in favor of arbitrating those claims and the party opposing arbitration has the burden to prove a defense to arbitration. *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 13-1026, 2015 WL 3976101, at \*3 (Tex. June 26, 2015). Here, Stride Staffing showed Holloway agreed that "all legal disputes" with Stride Staffing would be resolved through arbitration under the provisions of the Federal Arbitration Act. Despite this clear language, Holloway asserts the agreement was unenforceable because it was too indefinite. Specifically, he complains the agreement contained "no terms"

regarding the manner in which the arbitration was to occur, such as how many arbitrators would be appointed, how the arbitrator or arbitrators would be selected, who would pay arbitration costs, and what rules would apply.

In order for a court to enforce a contract, the parties must agree to the "essential" terms of the contract. *See Anderton v. Schindler*, 154 S.W.3d 928, 932 (Tex. App.—Dallas 2005, no pet.). But as long as the parties agree to such terms, the agreement may leave other non-essential provisions open for future determination. *See Crews v. Dkasi Corp*., 05-14-00544-CV, 2015 WL 1803976, at *3 (Tex. App.—Dallas Apr. 21, 2015, no. pet.); *Kanan v. Plantation Homeowners' Assoc., Inc.*, 407 S.W.3d 320, 330 (Tex. App.—Corpus Christi 2013, no pet.). Essential terms are those terms the parties "would reasonably regard as vitally important elements of their bargain." *Potcinske v. McDonald Prop. Invs., Ltd*., 245 S.W.3d 526, 531 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Whether a term forms an essential element of a contract depends primarily upon the intent of the parties. *Domingo v. Mitchell*, 257 S.W.3d 34, 41 (Tex. App.—Amarillo 2008, pet. denied).

Here, the language of the agreement clearly reflects that the intent of the parties was to arbitrate disputes. Holloway has directed us to no language in the agreement, or any other circumstances, that would suggest the manner in which the arbitration was conducted was material to the parties. Nor can we agree with Holloway's suggestion that it was "impossible" for the trial court to enforce the agreement because it did not provide for who would arbitrate, where they would arbitrate, and other details. *See Engelman Irrigation Dist. v. Shields Bros*., 960 S.W.2d 343, 352 (Tex. App.—Corpus Christi 1997, pet. denied) (if an alleged agreement is so indefinite as to make it impossible for a court to fix the legal obligations and liabilities of the parties, it cannot constitute an enforceable contract). To enforce the agreement as written, the trial court needed only to grant the motion to compel. We also note the FAA itself specifically

contemplates parties not providing a method of appointment of an arbitrator or arbitrators. In such cases, the trial court is to select an arbitrator. *See* 9 U.S.C. § 5. We conclude the arbitration agreement included the "essential" terms necessary to give effect to the parties' agreement.

We now turn to whether Holloway showed the arbitration agreement was unenforceable because it lacked consideration. Arbitration agreements, like other contracts, must be supported by consideration. *See In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (per curiam); *In re Halliburton Co.*, 80 S.W.3d 566, 569–70 (Tex. 2002). According to Holloway, the arbitration agreement lacked consideration because it "appeared" to only give Stride Staffing (and its clients), but not Holloway, the right to elect arbitration. He relies on the poorly drafted language of the agreement stating "[e]ither or we, can without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you, and our clients or us." Holloway asserts the language is unclear as to who may compel arbitration, resulting in an ambiguity that must be construed "against" Stride Staffing, as its drafter. Holloway asserts if we so construe that language, the agreement denies him the right to compel arbitration and thus renders his consideration illusory.

Initially, we note Holloway's proposed construction of the language is not against Stride Staffing, rather only the "result" of that construction would operate against Stride Staffing by rending the agreement unenforceable. We generally presume parties intend to enter enforceable agreements and therefore, when we must resort to rules of construction, we construe contracts in favor of, not against, mutuality. *See Tex. Gas Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970). But in any event, we need not determine whether the arbitration agreement was supported by mutual promises to arbitrate because Holloway has nevertheless failed to show the arbitration agreement was not otherwise supported by consideration.

–4–

The arbitration agreement was not a stand-alone agreement, but was part of a larger agreement. In such cases, consideration for the underlying agreement can supply consideration for the arbitration provision as well. *In re AdvancePCS Health, L.P.*, 172 S.W.3d at 607 ("[W]hen an arbitration clause is part of an underlying contract, the rest of the parties agreement provides the consideration."). Further, when an agreement is in writing, consideration is presumed and the party alleging lack of consideration must rebut that presumption. *Blockbuster, Inc. v. C-Span Entm't, Inc.*, 276 S.W.3d 482, 488 (Tex. App.—Dallas 2008, pet. granted).

In this case, Holloway made no attempt to establish that the underlying written agreement was not supported by consideration. We nevertheless note the agreement states it was legally binding because Stride Staffing was "sending" Holloway and his "application" for "the examination and will incur expenses for same." Holloway also concedes that he signed the agreement so that Stride Staffing would find him employment, and it did so. Consideration can consist of either a benefit to the promisor or a detriment to the promisee. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). We conclude Holloway has not met his burden to show the arbitration agreement was not supported by consideration.

We now turn to whether Holloway showed the agreement was substantively unconscionable. An arbitration agreement that is unconscionable is unenforceable. *In re Poly-America, L.P.*, 262 S.W.3d 337, 348 (Tex. 2008). An arbitration agreement may be substantively or procedurally unconscionable, or both. *Royston, Rayzor, Vickery, & Williams, LLP,* 2015 WL 3976101, at *3. "Substantive unconscionability refers to the fairness of the arbitration provision itself, whereas procedural unconscionability refers to the circumstances surrounding adoption of the arbitration provision." *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006). The party alleging unconscionability has the burden to prove it. *In re Poly-America*, 262 S.W.3d at 348.

To defeat an arbitration agreement, the party must show the arbitration clause itself is unconscionable. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 647–48 (Tex. 2009). Therefore, complaints that other provisions of a contract are unconscionable will not invalidate an arbitration provision in that contract. *See In re Labatt Food Serv.,*279 S.W.3d at 647–48; *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001) (noting that the defenses of unconscionability, duress, fraudulent inducement, and revocation must specifically relate to the arbitration portion of a contract, not the contract as a whole, if they are to defeat arbitration).

Here, to show the arbitration provision was substantively unconscionable, Holloway relies entirely on the provision of the agreement stating he "understood he was agreeing to waive his right to take any legal action." Holloway does not articulate the manner in which this language is unconscionable. For example, he does not assert the language was unconscionable because it waived his right to assert any substantive claims or because it waived his right to litigate in favor of arbitration. He nevertheless asserts the provision is not only unconscionable, but also that it cannot be severed from the agreement to arbitrate because it was an "essential provision" of the "agreement." Stride Staffing, on the other hand, does not assert the provision operated to waive any of Holloway's substantive rights. Instead, it suggests that it referenced Holloway's agreement to arbitrate rather than litigate. It asserts that even if the provision purported to waive substantive rights, it can be severed from the agreement to arbitrate.[1]

An unconscionable provision of a contract may generally be severed so long as it does not constitute the essential purpose of the agreement. *In re Poly-America,* 262 S.W.3d at 360. Whether or not the invalidity of a particular provision affects the rest of the contract depends upon whether the remaining provisions are independent or mutually dependent promises. *Id.*

---

[1] We note that prior to this language, Holloway purported to waive his right to bring claims for on-the-job injuries and injuries suffered in Stride Staffing's vehicles. Holloway did not assert any claims for such injuries in this litigation.

The relevant inquiry is whether or not the parties would have entered into the agreement absent the unenforceable provision. *Id*.

Here, Holloway asserts the unconscionable provision cannot be severed from the agreement because it was essential to the entire contract because Stride Staffing would have "refused to consider his application" absent that provision. However, challenges to an arbitration agreement must be directed to the arbitration clause itself. *See in re Labatt Food Servs.*, 279 S.W.3d at 648-49. Thus, the proper inquiry is whether the unconscionable provision was essential to the agreement to arbitrate. *See, e.g., In re Poly-America*, 262 S.W.3d at 360. In other words, whether the parties would have still entered the agreement to arbitrate absent the unconscionable provision. *See id.*

Holloway has failed to articulate the interplay between the unconscionable provision and the arbitration clause. Indeed, it is not apparent the complained-of provision was part of the agreement to arbitrate. Further, nothing in the agreement, or other circumstances, suggest the parties would not have entered into the agreement to arbitrate but for the unconscionable provision. We conclude that even if this provision is unconscionable, it can be severed from the agreement to arbitrate. Thus, any alleged unconscionability did not render the agreement to arbitrate unenforceable.

Because Stride Staffing presented evidence of an enforceable arbitration agreement and because Holloway failed to show a defense to that agreement, the trial court erred in denying Stride Staffing's plea in abatement and motion to compel arbitration.

We reverse the trial court's order, and remand to the trial court with instructions to enter an order consistent with this opinion.


/Ada Brown/
ADA BROWN
JUSTICE


140811F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STRIDE STAFFING, Appellant

No. 05-14-00811-CV     V.

ANTONIO HOLLOWAY, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas

Trial Court Cause No. CC-13-04380-C.

Opinion delivered by Justice Brown. Justices Lang-Miers and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant STRIDE STAFFING recover its costs of this appeal from appellee ANTONIO HOLLOWAY.

Judgment entered this 29th day of July, 2015.